Per Curiam.
 

 Plaintiff appeals as of right an order denying his motion for offer of judgment sanctions pursuant to MCR 2.405. The trial court determined that the amended version of MCR 2.405, which would prohibit offer of judgment sanctions in this case, was applicable in plaintiff’s case. We remand for further proceedings consistent with this opinion.
 

 
 *334
 
 This appeal arises out of a breach of contract action regarding plaintiff’s purchase of a truck that defendant represented as a 1989 International Stake truck, but was actually a rebuilt 1981 International Glider truck. Mediation took place in this case in January 1997, and the mediation panel unanimously awarded plaintiff $17,500 from defendant.
 
 [1]
 
 Although defendant accepted the mediation award, plaintiff failed to respond within the allotted period and thus was deemed to have rejected the mediation award. Trial was set for August 19, 1997. After a change in counsel, plaintiff submitted an offer of judgment to defendant on June 24, 1997, in the amount of $27,000. Defendant then made a counteroffer of judgment in the amount of $18,000. Plaintiff rejected defendant’s counteroffer. On August 12, 1997, defendant filed a motion to adjourn trial, which defendant’s attorney claimed was not objected to by plaintiff. The trial court granted the motion and set a new trial date of November 18, 1997. In the interim, an amendment of MCR 2.405, which governs offers of judgment, became effective on October 1, 1997. After the jury found in plaintiff’s favor, the trial court entered an order of judgment for $27,013.
 

 Plaintiff subsequently filed a motion for offer of judgment sanctions and attorney fees. Plaintiff claimed he was entitled to costs and attorney fees totaling $10,689.45 because MCR 2.405, before its amendment, provided for the award of such costs and
 
 *335
 
 attorney fees when the adjusted verdict was more favorable to the offeror than the average offer. The trial court denied plaintiffs motion, stating that absent clear intention by the Michigan Supreme Court, MCR 2.405, as amended, was to operate retrospectively. It concluded that any motion for offer of judgment sanctions made after October 1, 1997, was subject to the amended court rule, which denied sanctions where a mediation award was unanimous, as here.
 

 The issue on appeal here centers on the trial court’s application to this case of an amended version of MCR 2.405, relating to offers of judgment. This amendment became effective on October 1, 1997. Specifically, under the amended court rule, subsection E states as follows:
 

 Relationship to Mediation. Costs may not be awarded under this rule in a case that has been submitted to mediation under MCR 2.403 unless the mediation award was not unanimous. [MCR 2.405(E).]
 

 This language significantly changed the costs that a party could expect where mediation was unanimous, as opposed to the preamendment rule in effect when this case was filed and mediated:
 

 Relationship to Mediation. In an action in which there has been both the rejection of a mediation award pursuant to MCR 2.403 and a rejection of an offer under this rule, the cost provisions of the rule under which the later rejection occurred control, except that if the same party would be entitled to costs under both rules costs may be recovered from the date of the earlier rejection.
 

 The trial court applied the amended court rule to deny plaintiff’s motion. Plaintiff argues that the
 
 *336
 
 amended rule should not be applied in this case and that the version of the rule in effect when the case was filed and mediated and the offer of judgment was made should be applied instead.
 

 Accordingly, we must determine which version of MCR 2.405 should apply in the instant case. The court rules themselves, pursuant to MCR 1.102, govern their application to cases. MCR 1.102 provides as follows:
 

 These rules take effect on March 1, 1985. They govern all proceedings in actions brought on or after that date, and all further proceedings in actions then pending. A court may permit a pending action to proceed under the former rules if it finds that the application of these rules to that action would not be feasible or would work injustice.
 

 The interpretation and application of court rules presents a question of law that this Court reviews de novo.
 
 McAuley v General Motors Corp,
 
 457 Mich 513, 518; 578 NW2d 282 (1998). However, a trial court’s decision whether application of hew court rules would “work injustice” under MCR 1.102 entails an exercise of discretion. See
 
 Cole v Eckstein,
 
 202 Mich App 111, 117; 507 NW2d 792 (1993) (finding that a decision whether to award attorney fees “in the interest of justice” was reviewed for abuse of discretion). In this case, there is no evidence that the trial court relied on the language of MCR 1.102 to undertake an examination of whether application of the amended version of MCR 2.405 would “work injustice.” Instead, the trial court rested its determination that the amended court rule was to apply in this case on the fact that procedural rules are to operate retrospectively in the absence of a clear contrary inten
 
 *337
 
 tion.
 
 [2]
 
 In our judgment, this is not the proper analysis with respect to court rules, because MCR 1.102 provides its own specific rules for the application of new and amended court rules that should take precedence over the generalized rules of retrospectivity and prospectivity. Thus, we address the application of MCR 1.102 to MCR 2.405 in an attempt to provide guidance to the trial court upon remand.
 

 Although MCR 1.102 was originally a transitional provision for the introduction of the court rules, “[t]he same principle has been applied to subsequently adopted or amended rules.” 1 Dean
 
 &
 
 Longhofer, Michigan Court Rules Practice (4th ed), pp 4-5. Thus, “the norm is to apply the newly adopted court rules to pending actions unless there is reason to continue applying the old rules.”
 
 Davis v O’Brien,
 
 152 Mich App 495, 500; 393 NW2d 914 (1986). “However, an injustice is not present merely because a different result would be reached under the new rules.”
 
 Id.
 
 at 501. Rather, a new court rule would “work injustice” “where a party acts, or fails to act, in reliance on the prior rules and the party’s action or inaction has consequences under the new rules that were not present under the old rules.”
 
 Sullivan Industries,
 
 
 *338
 

 Inc v Double Seal Glass Co, Inc,
 
 192 Mich App 333, 355; 480 NW2d 623 (1991), citing
 
 Davis, supra.
 

 In practice, however, the test of whether a new court rule would “work injustice” is less clear than it might appear under the seemingly clear language above. Where a party complies with a prior rule, it could almost always be argued that the party acted in “reliance” on the prior rule, and, logically, nearly all attempts to apply the exception would be in instances in which there were different consequences under the new and the old rules. Thus, we look to the interpretation of a similar “interest of justice” exception and the purpose of the MCR 2.405 amendment itself to give us guidance in the proper scope of the MCR 1.102 exception.
 

 First, in
 
 Luidens v 63rd Dist Court,
 
 219 Mich App 24, 31; 555 NW2d 709 (1996), this Court interpreted the “interest of justice” exception of MCR 2.405(D)(3), which states that “[t]he court may, in the interest of justice, refuse to award an attorney fee under this rule.” This provision of the offer of judgment rule was an exception to the general rule that actual costs must be paid if the parties met certain prerequisites, MCR 2.405(D)(1) and (2). After considering the context of the language in the exception, and the purpose of MCR 2.405—to encourage settlement and to deter protracted litigation—this Court commented on the “exceptional nature” of the provision and determined that the “interest of justice” would be implicated only in “unusual circumstances.”
 
 Id.
 
 at 33, 37. Absent these “unusual circumstances,” the general rule would apply. This Court was particularly concerned with limiting the exception because of its susceptibility to broad interpretations that could
 
 *339
 
 potentially consume the general rule and thus nullify MCR 2.405’s purpose of encouraging settlement.
 
 Id.
 
 at 33. We are similarly concerned about the MCR 1.102 exception that we face in the instant case. As with the exception in
 
 Luidens,
 
 the instant exception must not be read so broadly that it effectively nullifies the general rule that new court rules be applied to pending cases. Thus, we believe that
 
 Luidens
 
 provides guidance in our case that the exception for “injustice” must not be read too broadly, such that it encompasses nearly every case where the new and old court rules would affect a case differently.
 

 However, we also recognize that
 
 Luidens
 
 interpreted language within the context of an entirely different court rule provision than that at issue here. In
 
 Luidens,
 
 the exception at issue related to attorney fees owed to a prevailing party where other costs were automatically owed and not subject to any exception. Thus, the nonprevailing party knew throughout the trial that, if it did not prevail at trial, it would be required to pay the prevailing party’s costs, including attorney fees, unless the “interest of justice” excepted the party from the attorney’s fees. In that context, where there was no clear or logical standard for giving meaning to the term “interest of justice” and determining when the exception was to apply, the
 
 Luidens
 
 Court, as a matter of jurisprudence, concluded that the exception could not be construed so broadly as to “consume” the general rule and that the exception should be implicated only in a relatively small number of cases.
 

 In contrast, MCR 1.102 focuses on “injustice” in the context of whether changes in rules in the midstream of the legal process have operated unfairly on one of
 
 *340
 
 the parties. While as a matter of jurisprudence, it appears that the “works injustice” language in MCR 1.102, as with the “interest of justice” language in MCR 2.405, is in the nature of an exception and should not be construed so broadly as to nullify the general rule, we have no difficulty nevertheless in concluding that the former exception is more susceptible to a clear and logical meaning than the latter exception and may therefore be found to obviate the general rule to a greater or lesser degree than the latter exception. The MCR 1.102 exception is more clearly defined simply because it is premised on the fundamental “rule of law” notion that parties should be able to rely on the rules as they exist at the time that they undertake conduct. See, e.g., US Const, art I, § 9, cl 3; art I, § 10, cl 1, concerning the prohibition of ex post facto laws. By MCR 1.102, the Supreme Court made the determination that, most of the time, a new or amended rule would not be unfair or unworkable and should therefore apply to pending cases. However, in our judgment, the MCR 1.102 exception may well apply in a higher proportion of cases than the exception in
 
 Luidens
 
 merely because a change in the rules when a party has already made decisions relying on the former rules will more clearly and logically result in “injustice” than when both parties have relied on the same rules throughout a case and both have been apprised of the standard that would be applied regarding attorney fees after the verdict. Thus, while we keep in mind that
 
 Luidens
 
 provides guidance regarding the jurisprudential limits of an exception to a general rule, it does not completely answer the question at issue because
 
 *341
 
 of the different contexts of the exception in
 
 Luidens
 
 and that in MCR 1.102.
 

 Accordingly, we next turn to the purpose of MCR 2.405, and specifically to the purpose of the amendment of subsection E, which is the subsection at issue under the MCR 1.102 exception here. As in
 
 Luidens,
 
 we must keep in mind that the purpose of MCR 2.405 is “to encourage settlement and to deter protracted litigation.”
 
 Luidens, supra
 
 at 31 (citation omitted). Indeed, in keeping with this overall purpose, the Supreme Court amended MCR 2.405(E), effective October 1, 1997, because the Court determined that the offer of judgment rule was actually undermining the mediation process under MCR 2.403. Report of Supreme Court Mediation Rule Committee, 451 Mich 1205, 1206 (1995). The Supreme Court reported:
 

 [T]he offer of judgment procedure gives a party a way of avoiding mediation sanctions, or at least of substituting the potential for offer of judgment sanctions, which may be more favorable to that party. The typical situation is one in which Party A has accepted the mediation award (and thus cannot be subject to sanctions), but Party R has rejected, and would be potentially liable for sanctions if an unfavorable verdict ultimately results. The offer of judgment procedure gives R an opportunity to make A potentially subject to offer of judgment sanctions, and to avoid such vulnerability itself if A does not make a counteroffer. . . .
 
 [Id.
 
 at 1232-1233.]
 

 Therefore, the committee determined that in order to reduce gamesmanship, the offer of judgment costs provision should be used only in conjunction with mediation where a mediation award was not unani
 
 *342
 
 mous and thus mediation sanctions were not available under MCR 2.403. 451 Mich 1233.
 

 Plaintiffs actions in the instant case regarding mediation and the offer of judgment appear at first to be precisely the type of conduct that the Supreme Court thought unacceptable and sought to change by amending MCR 2.405(E). Plaintiff rejected a unanimous mediation award, then made an offer of judgment that was significantly higher than the mediation award, which offer defendant rejected through a counteroffer. Thus, defendant argues, there can be no injustice in applying the amended court rule where its application accomplishes what the Supreme Court intended. However, in our judgment, a court must look more closely to the particular circumstances of the case at issue and at the purpose of the amendment.
 

 We first note that the Supreme Court was attempting to eliminate the gamesmanship of using the offer of judgment rule as a way to avoid mediation sanctions while opening the possibility for offer of judgment sanctions, without having a good-faith intent to settle the case. This Court in
 
 Luidens, supra
 
 at 35, stated that evidence of this type of gamesmanship could be demonstrated “by comparisons of offers to the mediation evaluation and jury verdict.” In this case, the mediation panel awarded plaintiff $17,500 from defendant. Plaintiff then made an offer of judgment of $27,000, which was nearly the same figure awarded by the jury, $26,813, and entered by the court when it added certain costs, $27,013. We believe that the trial court must address these and other circumstances in order to determine whether plaintiffs actions were merely gamesmanship or a tactic to
 
 *343
 
 avoid mediation sanctions or, instead, whether plaintiff’s conduct more closely resembled the principal opposing argument to the MCR 2.405 amendment, which resulted in the Supreme Court merely changing the effect of MCR 2.405 on mediation and not eliminating the offer of judgment rule entirely:
 

 [TJhere are instances in which a mediation award is unrealistic and thus will not contribute to settlement of the case. In those circumstances, substitution of a more reasonable offer of judgment value can promote settlement. [Report of Supreme Court Mediation Rule Committee, 451 Mich 1233 (1995).]
 

 Thus, the trial court may consider these circumstances to determine whether plaintiff’s actions appear to implicate the purpose behind the amendment of MCR 2.405(E).
 
 [3]
 

 Second, the court should also examine whether application of the amended version of MCR 2.405 would further the purpose behind the amendment because of the timing of the events in plaintiff’s case. Although MCR 1.102 indicates that a new rule should generally apply to all pending cases, as plaintiff’s case was at the time the amendment became effective, by the time the new rule in this case became effective there were no mediation or offer of judgment actions
 
 *344
 
 still pending. Specifically, plaintiff had rejected mediation and made an offer of judgment before the MCR 2.405 amendment became effective. Thus, all the actions that could affect possible mediation and offer of judgment sanctions had already been taken by the time the amendment went into effect. This is a different situation than that found in
 
 Anderson v Howley,
 
 171 Mich App 210, 215; 429 NW2d 646 (1988), where mediation took place under the old rule, but the offer of judgment took place after the new rule had gone into effect and thus the party had notice that his response to the offer, as well as the consequences of that response, was governed by the new rules. Instead, the issues of mediation and offer of judgment sanctions here were effectively disposed of under the prior court rules, with the exception of simply applying the formulas to determine which party would get how much in sanctions once a verdict was rendered, as in
 
 Dresselhouse v Chrysler Corp,
 
 177 Mich App 470, 481-482; 442 NW2d 705 (1989), and
 
 Meadows v Detroit,
 
 164 Mich App 418, 432-433; 418 NW2d 100 (1987) (it would be unjust to punish defendants for their failure to assert governmental immunity before the time that “immunity granted by law” was listed as an affirmative defense in the court rule). Indeed, at the time that plaintiff made an offer of judgment, the trial date was scheduled to take place at least one month before the time that the amendment became effective. Thus, one could find that plaintiff had every reason to believe that if the case went to trial, the trial would be over and any sanctions would be awarded under the old court rules. The trial court must determine whether application of the amended version of MCR 2.405(E) to this case in which the
 
 *345
 
 pertinent offer of judgment and mediation proceedings all occurred
 
 before
 
 the adoption of the current version would reasonably further the goal of the amendment.
 

 Thus, while we agree that the “injustice” exception to MCR 1.102 must be applied narrowly and with restraint, such that the exception does not subsume the rule itself, we find that a decision under MCR 1.102 requires an individual determination in this (and in every) case whether such “injustice” would result from the application of the amended version of MCR 2.405(E). This determination should be based on the substance of the rule involved and the timing of plaintiffs actions, plaintiffs obvious gamesmanship or lack thereof, and thus plaintiff’s reliance or lack of reliance on the rules as they existed at the time he made the pertinent decisions in this case, and any other pertinent factors in the individual case. We emphasize that while the results may be different between the old and new rule, as may ordinarily be expected, this is not the dispositive factor in the analysis. Rather, we believe that several factors must be considered when determining the “injustice” in a particular case and whether a party “relied” on a court rule to the extent that it would be “unjust” to alter the rule in midstream. While relatively few cases will qualify for the MCR 1.102 “injustice” exception, this is a case that requires further analysis to determine whether application of the amended court rule will “work injustice.”
 

 For these reasons, we remand for consideration of the MCR 1.102 “injustice” exception as it pertains to MCR 2.405(E) and the specific facts of this case. We do not retain jurisdiction.
 

 [1]
 

 The trial court granted defendant’s motion to file a third-party complaint against Michael Jauquet, who allegedly misrepresented the truck to defendant when he sold it to defendant. The mediation panel then unanimously awarded defendant $1,000 from Jauquet, who accepted the mediation award. A stipulated order dismissing Jauquet was entered on May 13, 1998.
 

 [2]
 

 There are numerous issues inherent in a discussion whether certain laws operate retrospectively or prospectively. For example, there is conflicting case law on the issue whether court rules should generally be applied retrospectively or prospectively. See, for example,
 
 People v Blunt,
 
 189 Mich App 643, 648; 473 NW2d 792 (1991), and
 
 Harris v Pennsylvania Erection & Constr,
 
 143 Mich App 790, 795; 372 NW2d 663 (1985). Further, it could be argued that the triggering event for application of the court rule here was the date of the filing of the motion for sanctions, the decision regarding the motion, or the date of the offer of judgment itself. However, because the court rules provide clear direction regarding the application of new or amended court rules that does not rely on the language of “retrospectivity” and “prospectivity,” we need not delve into such issues or address these problems here.
 

 [3]
 

 We also believe that the purpose behind the adoption of the pre-1997 MCR 2.405(E) language could be an important factor in the analysis of whether there is “injustice” in this case: However, we have been unable to find an explicit pronouncement of the Supreme Court’s purpose. The pre1997 language was aimed at reconciling the cost provisions of the mediation rule and the offer of judgment rule, such that only one would apply, rather than both. It appears that the tactic of using the offer of judgment rule to avoid mediation costs was not considered before the pre-1997 rules were adopted. Although the Supreme Court would later amend the offer of judgment rule because it disapproved of this tactic, until October 1, 1997, the tactic was completely within the bounds of the rules.