*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# S T A T E   O F   M I C H I G A N

# C O U R T   O F   A P P E A L S

FAIZ MUSED-A ALI,

   Plaintiff-Appellee-Cross-Appellant,

v

MEEMIC INSURANCE COMPANY,

   Defendant-Appellant-Cross-Appellee.

UNPUBLISHED
July 20, 2023

No. 360900
Macomb Circuit Court
LC No. 2018-003512-NF

Before: PATEL, P.J., and BOONSTRA and RICK, JJ.

PER CURIAM.

In the main appeal, defendant appeals by right the trial court's March 16, 2022 opinion and order denying its motion for case evaluation sanctions. In the cross-appeal, plaintiff challenges the portions of the trial court's November 23, 2021 opinion and order denying his request for attorney fees. We vacate and remand for further proceedings in the main appeal; we affirm in the cross-appeal.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

The appeals in this case arise from post-verdict proceedings in a no-fault personal injury action. Plaintiff was injured in a motor vehicle accident in 2017; defendant was his no-fault insurer at the time. In 2018, plaintiff filed suit against defendant, seeking payment of personal injury protection (PIP) benefits and uninsured/under-insured motorist (UIM) benefits to which plaintiff alleged he was entitled under his policy with defendant. Plaintiff's UIM claim was later dismissed by stipulation.

The matter underwent case evaluation in 2019. The parties agree that the case evaluation panel awarded plaintiff $45,000 for his claims, and that both parties rejected the award. After several unsuccessful facilitations, plaintiff's case proceeded to a jury trial on June 11, 2021. On June 22, 2021, the jury returned a special verdict finding that (1) plaintiff was injured in a motor vehicle accident, (2) plaintiff did not commit fraud in claiming benefits from defendant, (3) plaintiff had incurred allowable medical expenses of $14,358.42, (4) defendant's payment of those expenses was overdue and (5) plaintiff was entitled to penalty interest of $3,146.03.

-1-

In August 2021, plaintiff moved the trial court for entry of judgment as well as attorney fees and penalty interest under the no-fault act, arguing in relevant part that the jury verdict established that defendant had unreasonably delayed payment of no-fault benefits. The trial court granted plaintiff's request for entry of judgment and judgment interest, but denied plaintiff's request for an award of attorney fees, penalty interest, and costs under the no-fault act.[1] It directed plaintiff to "prepare a judgment consistent with this decision."

Although the trial court granted plaintiff's request for entry of judgment, and directed plaintiff to prepare a judgment, it was defendant that ultimately filed a proposed judgment in January 2022, which the trial court then signed and entered. Consistent with the jury verdict, the judgment awarded plaintiff $14,358.42 in allowable expenses, $3,146.03 in penalty interest under MCL 500.3142, plus statutory interest. Defendant subsequently moved the trial court for case evaluation sanctions under MCR 2.403(O). The trial court denied defendant's motion, holding that the amended version of MCR 2.403, which had become effective on January 1, 2022, applied to defendant's claim and that case evaluation sanctions therefore were not available.

These appeals followed.

## II. MAIN APPEAL

In the main appeal, defendant argues that the trial court erred by denying its motion for case evaluation sanctions. Specifically, defendant argues that the trial court should have held that the previous version of MCR 2.403 applied to defendant's claim for sanctions. We agree. We review de novo a trial court's interpretation of court rules. *Reitmeyer v Schultz Equipment & Parts Co, Inc*, 237 Mich App 332, 336; 602 NW2d 596 (1999). We review for an abuse of discretion a trial court's decision regarding whether application of a new court rule would "work injustice" under MCR 1.102. *Id*.

MCR 2.403 governs the case evaluation procedure. Prior to its amendment in 2022, MCR 2.403(O) provided in relevant part:

> If a party has rejected an evaluation and the action proceeds to verdict, that party must pay the opposing party's actual costs unless the verdict is more favorable to the rejecting party than the case evaluation. However, if the opposing party has also rejected the evaluation, a party is entitled to costs only if the verdict is more favorable to that party than the case evaluation. [MCR 2.403(O)(1), prior to amendment effective January 1, 2022.]

Substantial amendments to MCR 2.403 went into effect on January 1, 2022. Relevant to this appeal, the amendment removed subsection (O) in its entirety; what were commonly known as "case evaluation sanctions" are no longer available under the current version of the rule.

---

[1] Notwithstanding the apparent denial of penalty interest in the trial court's November 23, 2021 opinion and order, the subsequently-entered judgment included an award of penalty interest in accordance with the jury verdict.

MCR 1.102 provides:

> These rules take effect on March 1, 1985. They govern all proceedings in actions brought on or after that date, and all further proceedings in actions then pending. A court may permit a pending action to proceed under the former rules if it finds that the application of these rules to that action would not be feasible or would work injustice.

Therefore, the general rule when a court rule is amended is to "apply the newly adopted court rules to pending actions unless there is a reason to continue applying the old rules." *Reitmeyer*, 237 Mich App at 337 (quotation marks and citation omitted). "However, an injustice is not present merely because a different result would be reached under the new rules. Rather, a new court rule would 'work injustice' where a party acts, or fails to act, in reliance on the prior rules and the party's action or inaction has consequences under the new rules that were not present under the old rule." *Id*. (citations omitted). This Court noted in *Reitmeyer* that "MCR 1.102 focuses on 'injustice' in the context of whether changes in rules in the midstream of the legal process have operated unfairly on one of the parties." *Id*. at 340. However, "the exception for 'injustice' must not be read too broadly, such that it encompasses nearly every case where the new and old court rules would affect a case differently." *Id*. at 339. Therefore the "injustice" exception to MCR 1.102 "must be applied narrowly and with restraint." *Id*. at 603.

We conclude, keeping in mind the requirement of restraint and the necessity of not reading the "injustice" exception to MCR 1.102 too broadly, that the trial court erred by concluding that the current version of MCR 2.403 applied to defendant's claim for case evaluation sanctions. The record shows that the entire case was essentially completed while the prior version of MCR 2.403(O) was in effect. Both parties conducted the entire litigation, including case evaluation, numerous facilitations, and a six-day jury trial, under the previous version of the rule that permitted case-evaluation sanctions. Indeed, the case evaluation—and the parties' rejection of the resulting award—occurred more than two years before the new rule came into effect. The jury rendered its verdict nearly six months before the new rule came into effect, and the trial court ordered plaintiff to prepare a judgment for entry approximately five weeks before the effective date of MCR 2.403's amendment. Yet, plaintiff never submitted a proposed judgment in its favor, ultimately requiring defendant to enter a proposed judgment against itself in order to proceed with its claim for case evaluation sanctions.[2] Essentially, while defendant was waiting for plaintiff to comply with the trial court's order directing him to prepare a judgment (to be entered in plaintiff's favor), the court rule changed. Long before that change was adopted, both parties accepted the risk of case-evaluation sanctions by agreeing to a jury trial, and made their strategic decisions prior to and during litigation under the rubric of the prior version of the rule. Under these circumstances, it would have "operated unfairly" for either of the parties to be denied case-evaluation sanctions merely because the ministerial act of entering a judgment on the verdict had not occurred before the rule change. *Reitmeyer*, 237 Mich App at 340. That is particularly true when, as here, there

---

[2] The previous version of MCR 2.403 required that "[a] request for costs under this subrule must be filed and served with 28 days *after* the entry of the judgment . . . ." MCR 2.403(O)(8), prior to amendment effective January 1, 2022 (emphasis added).

were delays in the entry of a judgment and in complying with the trial court's directive to plaintiff (in advance of the change in the court rule) to submit a proposed judgment. Therefore, under these particular circumstances, we conclude that the trial court abused its discretion by holding that the current version of MCR 2.403(O) applied to defendant's claim. *Id*. at 337. We vacate the trial court's March 16, 2023 opinion and order and remand for consideration of defendant's claim for case-evaluation sanctions under the prior version of MCR 2.403.

## III. CROSS-APPEAL

In his cross-appeal, plaintiff argues that the trial court erred by denying his motion for attorney fees.[3] We disagree. We review de novo questions of fact, but review factual findings for clear error. *Moore v Secura Ins*, 482 Mich 507, 516; 759 NW2d 833 (2008). "What constitutes reasonableness is a question of law, but whether the defendant's denial of benefits is reasonable under the particular facts of the case is a question of fact." *Id*. (citation omitted). A decision is clearly erroneous if the reviewing court is left with a definite and firm conviction that a mistake has been made. *Id*. We review for an abuse of discretion a trial court's award of attorney fees and costs. *Id*.

MCL 500.3148(1) provides in relevant part that "an attorney is entitled to a reasonable fee for advising and representing a claimant in an action for personal or property protection insurance benefits that are overdue. The attorney's fee is a charge against the insurer in addition to the benefits recovered, if the court finds[4] that the insurer unreasonably refused to pay the claim or unreasonably delayed in making proper payment."

MCL 500.3142—which relates to penalty interest—provides in relevant part:

> (2) Subject to subsection (3), personal protection insurance benefits are overdue if not paid within 30 days after an insurer receives reasonable proof of the fact and of the amount of loss sustained. Subject to subsection (3), if reasonable proof is not supplied as to the entire claim, the amount supported by reasonable proof is overdue if not paid within 30 days after the proof is received by the insurer. Subject to subsection (3), any part of the remainder of the claim that is later supported by reasonable proof is overdue if not paid within 30 days after the proof is received by the insurer. . . . [MCL 500.3142(2).]

---

[3] Plaintiff also appears to argue that the trial court erred by denying his motion for penalty interest. But plaintiff fails to acknowledge that, although the trial court's November 23, 2021 opinion and order indeed reflected a denial of penalty interest, the trial court's subsequently-entered judgment included an award of penalty interest in accordance with the jury verdict.

[4] Based on the plain language of MCL 500.3148(1), whether an insurer has "unreasonably refused to pay the claim or unreasonably delayed in making proper payment" under that provision is a question of law for the court. See also, MCJI 35.03, Comment ("The attorney fee thus is a question not for the jury but for the Court.").

* * *

(4) An overdue payment bears simple interest at the rate of 12% per annum.

Interpreting MCL 500.3148(1) and MCL 500.3142(2) together, our Supreme Court has held:

> Under the plain language of the statute, the claimant shoulders the initial burden to supply reasonable proof of her entire claim, or reasonable proof for some portion thereof. When the claimant provides such evidence, the insurer then must evaluate that evidence as well as evidence supplied by the insurer's doctor before making a reasonable decision regarding whether to provide the benefits sought. [*Moore*, 482 Mich at 523.]

"[I]nsurers who receive a claim for PIP benefits prior to expiration of the limitations period must act diligently when investigating, responding to, and resolving the claim[.]" *Griffin v Trumbull Ins Co*, ___ Mich ___, ___; ___ NW2d ___ (2022) (Docket No. 162419); slip op at 12. "[A] delay is not unreasonable if it is based on a legitimate question of statutory construction, constitutional law, or factual uncertainty." *Attard v Citizens Ins Co of America*, 237 Mich App 311, 316-317; 602 NW2d 633 (1999). "When an insurer refuses to make or delays in making payment, a rebuttable presumption arises that places the burden on the insurer to justify the refusal or delay." *Id.*

In this case, the trial court denied plaintiff's request for an award of attorney fees under MCL 500.3148. In doing so, the trial court noted that plaintiff's claims for replacement services and attendant care were dismissed prior to trial, and that plaintiff withdrew his claim for work loss benefits on the first day of trial. The trial court also noted that plaintiff had not provided proof of allowable medical expenses to defendant prior to filing suit, and that the jury had only awarded plaintiff a "mere fraction" of what he had claimed for medical expenses. Therefore, the trial court reasoned, defendant had not unreasonably denied or delayed payment of plaintiff's claims.

The record supports the trial court's factual findings. Most of plaintiff's claims for PIP benefits were stricken prior to trial, and plaintiff has not appealed those claims. Moreover, plaintiff's counsel admitted at the hearing on defendant's motion that a bill from Detroit Receiving Hospital was not submitted to defendant prior to the filing of a lawsuit. Further, the jury awarded plaintiff only a fraction of the over $100,000 dollars in medical expenses he was seeking, the majority of which were billed by a physical therapy provider. In other words, the jury found that most of plaintiff's claimed medical expenses were not allowable expenses under the no-fault act for which defendant was liable.

Additionally, defendant provided evidence that the decision to deny further payment of benefits was based on the results of a medical examination performed in 2019. The medical examiner concluded that plaintiff had suffered only mild injuries that did not require extensive treatment. Although plaintiff disagreed with that assessment, it demonstrates that a bona fide factual uncertainty existed regarding the extent of plaintiff's injuries and the necessity for extensive physical therapy. See *Roberts v Farmers Ins Exch*, 275 Mich App 58, 70; 737 NW2d 332 (2007); see also *Tinnin v Farmers Ins Exch*, 287 Mich App 511, 516; 781 NW2d 747 (2010)

(noting that a reasonable delay can be established by showing that "bona fide questions whether a particular medical procedure is reasonably necessary" existed).

Plaintiff makes much of the fact that the jury found that the allowable expenses it did award were overdue, and that the jury found that plaintiff had not fraudulently represented his claims to defendant. However, the mere fact that benefit payments are overdue, while it entitles an insured to penalty interest, does not automatically entitle an insured to attorney fees; the delay in payment must still be found to have been unreasonable. See MCL 500.3148; 500.3142 (2); *Moore*, 482 Mich at 523. Moreover, the absence of fraud on the behalf of the insured does not in itself demonstrate that an insurer unreasonably denied or delayed payment—as noted, a bona fide factual uncertainty existed regarding the extent of plaintiff's claims, the vast majority of which were either dismissed before trial or rejected by the jury. In light of the fact that the vast bulk of plaintiff's claims were either dismissed before trial or not awarded by the jury verdict, and the existence of a bona-fide factual uncertainty, we conclude that the trial court did not abuse its discretion by refusing to award attorney fees, despite that fact that the jury did find a small portion of plaintiff's claimed expenses to be allowable and overdue (and thus subject to penalty interest). *Moore*, 482 Mich at 525 (stating that "an insurer's initial refusal to pay benefits under Michigan's no-fault insurance statutes can be deemed reasonable even though it is later determined that the insurer was required to pay those benefits.").

Relatedly, while plaintiff makes repeated reference to "penalty interest" on appeal, it is unclear to this Court what penalty interest he seeks to have awarded, in light of the fact that, consistent with the jury verdict, the judgment entered by the trial court *already* awarded him penalty interest on the medical expenses the jury found to be allowable and overdue. Further, although plaintiff made reference to penalty interest in his motion before the trial court, his motion appears to have only sought attorney fees and *judgment* interest, not additional penalty interest. In any event, as plaintiff has already been awarded penalty interest on all claims that were found to be overdue, there is no further relief this Court can grant in that regard.

We affirm the trial court's November 23, 2021 opinion and order in plaintiff's cross-appeal.

## IV. CONCLUSION

In defendant's main appeal, we vacate the trial court's March 16, 2023 opinion and order and remand for consideration of defendant's claim for case-evaluation sanctions under the prior version of MCR 2.403. We affirm the trial court's November 23, 2021 opinion and order in plaintiff's cross-appeal. We do not retain jurisdiction. Defendant, having prevailed in full, may tax costs. MCR 7.219(A)(1).

/s/ Sima G. Patel
/s/ Mark T. Boonstra
/s/ Michelle M. Rick