*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

LARRY PACK and DEBORAH PACK,

      Plaintiffs-Appellees,

v

JJ DEVELOPMENT, INC. and JOSEPH
TRUPIANO,

      Defendants-Appellants,

and

JEFFREY S. AMBURGY, REAL ESTATE ONE,
INC., WILLIAM WESLEY MORLAND, BRANDY
MORLAND, and MORLAND PROPERTY
SERVICES,

      Defendants.

UNPUBLISHED
August 1, 2024

No. 366808
Oakland Circuit Court
LC No. 2021-185965-CZ

Before: JANSEN, P.J., and REDFORD and D. H. SAWYER*, JJ.

PER CURIAM.

Defendants, JJ Development, Inc. and Joseph Trupiano, appeal as of right the trial court order denying their motion for attorney fees and costs as case evaluation sanctions under the former version of MCR 2.403.[1] Defendants argue that the former version of the court rule providing mandatory case evaluation sanctions should be applied. We disagree and affirm.

---

[1] Although involved in the underlying facts and lower court proceedings, the remaining defendants are not involved in this appeal. Accordingly, any reference to "defendants" in this opinion refers only to Trupiano and JJ Development, Inc.

*Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

-1-

# I. BACKGROUND FACTS

This case arises from plaintiffs, Larry and Deborah Pack, entering a contract for the purchase of land and construction of a new home in Milford, Michigan, as part of a new subdivision. Trupiano is the owner of JJ Development, and defendants originally owned the property. Jeffrey S. Amburgy, a real estate broker for Real Estate One, Inc., helped negotiate an agreement for defendants to sell the property to Morland Property Services (MPS), owned by William Wesley Morland (Morland), who would then sell the property to plaintiffs, and then MPS would construct the home. On June 17, 2019, plaintiffs and Morland signed a purchase agreement for $960,000, with an attached building and specifications addendum. Plaintiffs made several deposits to Morland and MPS before and after entering this agreement. However, Morland and MPS never completed construction of the home, and fell behind in payments to contractors and subcontractors who already completed work. Plaintiffs had to find other contractors to finish the work, and eventually sold the home.

# II. PROCEDURAL HISTORY

Plaintiffs filed suit on January 26, 2021, against defendants, Amburgy, Real Estate One, Morland, his wife, Brandy Morland, and MPS, alleging breach of contract, conversion, negligence, unjust enrichment, fraud in the inducement, fraudulent misrepresentation, conspiracy to commit fraudulent misrepresentation, and rescission of contract. Morland and MPS were granted summary disposition under MCR 2.116(C)(7) because plaintiffs' claims against them were subject to an arbitration agreement and therefore barred in the trial court. Once an arbitration award was entered, judgment was entered against Morland and MPS in favor of plaintiffs for $400,000. Amburgy and Real Estate One were granted summary disposition of all of plaintiffs' claims except the fraud claims, and plaintiffs were granted leave to file an amended complaint.

Plaintiffs filed their first amended complaint on June 25, 2021, alleging breach of contract against defendants, and the same fraud claims against defendants, Amburgy, and Real Estate One. Defendants moved for summary disposition, which the court granted as to plaintiffs' breach-of-contract claim, but again granted plaintiffs leave to amend the complaint.

Case evaluation took place on October 6, 2021. The case evaluation award against defendants was for $1,500; defendants accepted it, and plaintiffs rejected it. At that time, MCR 2.403(O)(1) provided for mandatory case evaluation sanctions when the party who rejected the award received a less-favorable verdict at trial. MCR 2.403 was amended effective January 1, 2022, removing the provision for mandatory case evaluation sanctions. See 508 Mich clxiii.

In the second amended complaint, filed December 15, 2021, plaintiffs renewed their fraud claims against defendants, Amburgy, and Real Estate One, and added two new claims: intentional and tortious interference with a contractual relationship against defendants only. Defendants, Amburgy, and Real Estate One each moved for summary disposition, and the trial court granted them all summary disposition of plaintiffs' fraud claims, but denied defendants summary disposition of plaintiffs' interference claims. These two claims went before a jury in April 2023, who found that defendants did not interfere with the contract between plaintiffs and MPS, and therefore the court entered judgments of no cause of action in defendants' favor.

Defendants then moved for costs and attorney fees as case evaluation sanctions under former MCR 2.403, arguing that at the time that case evaluation took place in October 2021, MCR 2.403(O)(1) provided for mandatory case evaluation sanctions, and that version of the rule should apply. Defendants accepted the $1,500 award, plaintiffs rejected it, and at trial, the verdict entered was not more favorable. Defendants sought $96,722.75 in costs and attorney fees. Plaintiffs responded, asserting that the current version of MCR 2.403 applied under MCR 1.102. The trial court heard oral argument and, relying on MCR 1.102 and *Reitmeyer v Schultz Equip & Parts Co, Inc*, 237 Mich App 332; 602 NW2d 596 (1999), held that the new version of MCR 2.403 applied because of the circumstances of the case, and denied defendants' motion. Defendants moved for reconsideration, which was also denied. Defendants now appeal the issue of case evaluation sanctions only.

## III. STANDARD OF REVIEW

We review the trial court's decision whether to award case evaluation sanctions de novo. *RAD Constr, Inc v Davis*, ___ Mich App ___; ___ NW3d ___ (Docket Nos. 361177; 363142) (2023); slip op at 8. The interpretation and application of court rules is also reviewed de novo as a question of law. *Id*. The trial court's decision whether the application of a new court rule would "work injustice" under MCR 1.102 is reviewed for an abuse of discretion. *Reitmeyer*, 237 Mich App at 336. Although not determined here, the amount of an award is also reviewed for an abuse of discretion, which occurs when the court "selects an outcome falling outside the range of reasonable and principled outcomes." *RAD Constr, Inc*. ___ Mich App at ___; slip op at 8.

## IV. ANALYSIS

Defendants argue that the trial court should have applied the version of MCR 2.403 in effect at the time of case evaluation to award case evaluation sanctions, and it did not matter that the claims ultimately decided by the jury were not subject to case evaluation. We disagree.

At the time of case evaluation on October 6, 2021, MCR 2.403(O)(1) provided:

> If a party has rejected an evaluation and the action proceeds to verdict, that party must pay the opposing party's actual costs unless the verdict is more favorable to the rejecting party than the case evaluation. However, if the opposing party has also rejected the evaluation, a party is entitled to costs only if the verdict is more favorable to that party than the case evaluation.

With the 2022 amendment to MCR 2.403, this sanction provision was removed effective January 1, 2022. See 508 Mich clxiii.

The issue before this Court is what version of MCR 2.403 should apply. The court rules themselves govern their application to pending cases:

> These rules take effect on March 1, 1985. They govern all proceedings in actions brought on or after that date, and all further proceedings in actions then pending. A court may permit a pending action to proceed under the former rules if it finds that the application of these rules to that action would not be feasible or would work injustice. [MCR 1.102.]

"[T]he norm is to apply the newly adopted court rules to pending actions unless there is reason to continue applying the old rules." *Reitmeyer*, 237 Mich App at 337 (quotation marks and citation omitted). "However, an injustice is not present merely because a different result would be reached under the new rules. Rather, a new court rule would 'work injustice' where a party acts, or fails to act, in reliance on the prior rules and the party's action or inaction has consequences under the new rules that were not present under the old rules." *Id*. (quotation marks and citations omitted). The "injustice exception" "must be applied narrowly and with restraint, such that the exception does not subsume the rule itself." *Id*. at 345. There is no bright-line rule for determining when an amended or previous version of a rule applies; rather, the court "must look more closely to the particular circumstances of the case at issue and at the purpose of the amendment." *Id*. at 342.[2]

In *Reitmeyer*, the plaintiff moved for sanctions and attorney fees under the offer-of-judgment rule, MCR 2.405, which at that time, imposed sanctions against a party who rejected an offer of judgment and then received a less-favorable verdict. *Id*. at 334-335. The trial court denied the plaintiff's motion, concluding that the amendment applied retrospectively. *Id*. at 335. This Court vacated the denial of the plaintiff's motion because there was "no evidence that the trial court relied on the language of MCR 1.102 to undertake an examination of whether application of the amended version of MCR 2.405 would 'work injustice.' " *Id*. at 336. The court's decision was based on the fact that procedural rules apply retrospectively in the absence of a clear intention otherwise. *Id*. This analysis was improper because the determination of whether a court rule applies retroactively or prospectively is governed by MCR 1.102. *Id*. at 337.

Despite plaintiffs' assertions to the contrary, this Court's recent decision in *RAD Constr*, ___ Mich App ___, does not mandate application of the amended rule. In that case, the parties engaged in case evaluation when the former version of MCR 2.403 was in effect, the plaintiff rejected the case evaluation award, and after trial, the plaintiff did not obtain a more favorable verdict in an opinion and order rendered after the amended version of MCR 2.403 took effect. *Id*. at ___; slip op at 8. The trial court in *RAD Constr* granted the defendants case evaluation sanctions under the former rule, and the plaintiff challenged this on appeal. *Id*. This Court held:

> Our Supreme Court amended MCR 2.403 and among other things eliminated Subpart (O). The amendments became effective January 1, 2022. See 508 Mich clxiii. MCR 1.102 requires applying the court rules to all pending cases. Amended court rules apply to pending actions unless there is a reason to apply the old rules. *Reitmeyer*, 237 Mich App at 337. We find no reason to apply the old

---

[2] In a Supreme Court Order, ADM File No. 2020-06, regarding the amendments to Rules 2.403, 2.404, and 2.405, Justice CAVANAGH wrote in a concurring opinion that the purpose of the removal of the case evaluation sanction provision was to "level the playing field for plaintiffs and defendants, given the consensus that case evaluation primarily favored defendants and insurance carriers (who could absorb the cost of sanctions across hundreds of cases) over plaintiffs with a single case," and that "sanctions force settlements that are not based on the merits of claims and defenses, sanctions are not used by other states' [alternative dispute resolution] processes, and sanctions are no longer needed in an era in which less than one percent of circuit court civil claims are adjudicated at trial."

-4-

> rule in this case. The provision authorizing case evaluation sanctions having been eliminated, the trial court had no authority to sanction RAD after January 1, 2022. By ordering case evaluation sanctions against RAD, the trial court erred. Therefore, we reverse the trial court's decisions granting [the defendants'] respective motions for case evaluation sanctions, and vacate the trial court's case evaluation sanction orders. [*RAD Constr*, ___ Mich App at ___; slip op at 8-9.]

This holding does not create a bright-line rule that prohibits the award of case evaluation sanctions under the former version of the court rule. Rather, the trial court must engage in the proper analysis under MCR 1.102 and *Reitmeyer*, and the decision on what court rule to apply depends on the circumstances of the case. *Reitmeyer*, 237 Mich App at 334-337. With this background in mind, we address the merits of this case.

Unlike the trial court in *Reitmeyer*, 237 Mich App at 345, the trial court in this case undertook an analysis under the proper "works injustice" test in MCR 1.102. The trial court provided an explanation why it believed that application of the old version of MCR 2.403 containing Subpart (O) would work an injustice. First, it explained the proper test under MCR 1.102 as explained by *Reitmeyer*. Then it held that the new rule applied under the circumstances of the case. It reasoned that there was no indication that application of the new rule would not be feasible, and that the case went to case evaluation before the second amended complaint was filed, so the counts from the second amended complaint that were decided by the jury were never evaluated. The court determined that an award of case evaluation sanctions on a jury verdict for which plaintiffs' claims were never submitted to case evaluation would be inappropriate and work an injustice. The bills and invoices attached to defendants' motion established that a significant amount, if not a majority, of the fees and expenses defendants incurred were to defend claims not part of the case evaluation award, i.e., those contained in the second amended complaint. The court did not doubt that there was most likely discussion between counsel and defendants regarding former MCR 2.403(O); however, the fact that the claims that were presented at trial were not part of case evaluation was compelling, and the court determined that the new rule applied.

We find no error in the trial court's decision to apply the current version of MCR 2.403 and deny defendants case evaluation sanctions. The record indicates that the parties engaged in case evaluation on October 6, 2021. Defendants accepted the case evaluation award of $1,500 in favor of plaintiffs and plaintiffs rejected the award. At that time, MCR 2.403 included Subpart (O) providing for case evaluation sanctions. Before case evaluation took place, plaintiffs had filed their first amended complaint, alleging breach of contract against defendants, and fraud in the inducement, fraudulent misrepresentations, and conspiracy to commit fraud against defendants, Amburgy, and Real Estate One, as Morland and MPS had been dismissed subject to arbitration. Following case evaluation, the trial court granted defendants summary disposition on the first amended complaint, but granted plaintiffs leave to file a second amended complaint, reasserting their fraud claims as well as bringing new intentional interference and tortious interference with a contractual relationship claims against defendants. Defendants were granted summary disposition of the fraud claims, with the interference claims ultimately going before a jury. The jury found in defendants' favor, and judgments of no cause of action were entered as to both interference claims in April 2023.

By the time the jury reached its verdict, the amended version of MCR 2.403 had been in effect since January 1, 2022, approximately one year and three months since the rule change. See 508 Mich clxiii. In *RAD Constr, Inc*, ___ Mich App ___; slip op at 8, only four months had passed between when the rule had changed and the completion of that matter at the trial court level and this court stated "we find no reason to apply the old rule in this case."

In the matter at bar, the only claims that were adjudicated at trial, the intentional interference and tortious interference with a contractual relationship claims, were pleaded in the second amended complaint and never submitted to case evaluation. The trial was conducted in its entirety under the new rule. Defendants could not have relied on the possibility of sanctions when accepting the $1,500 case evaluation in relation to claims that were not yet raised at that time.

Further, as addressed by the trial court, a majority of the fees and expenses incurred by defendants were incurred defending against the new claims and under the new rule. The second amended complaint was filed on December 15, 2021. Although merely an approximation, we note that 232 entries in the Register of Actions were entered between plaintiffs' refusal of the case evaluation on January 26, 2021, and adoption of the amended court rule on January 1, 2022. Whereas, 371 entries in the Register of Actions were entered between adoption of the new court rule and June 22, 2023, when the trial court denied defendants' motion for reconsideration on sanctions. Undoubtedly, the bulk of the proceedings in this case occurred after adoption of the amended rule and in relation to claims not submitted to case evaluation.

Defendants assert that from the beginning of this case, there was no case against defendants and plaintiffs merely dragged defendants through frivolous litigation. Indeed, throughout the complex and arduous procedural history of this case, defendants ultimately received a favorable verdict of no cause of action. However, throughout the pendency of this case, plaintiffs were permitted to amend their complaint and overcame summary disposition in relation to the new claims before ultimately losing at trial. Further, plaintiffs received a $400,000 arbitration award against Amburgy and Real Estate One approximately seven months after the court rule was amended. These facts do not counsel that plaintiffs dragged defendants through frivolous litigation, nor take away from the fact that the majority of the litigation occurred under the new court rule.

For the reasons stated in this opinion, defendants cannot establish that applying the amended rule would work an injustice. The trial court properly concluded that the amended version of MCR 2.403 applied to defendants' motion for case evaluation sanctions. MCR 1.102; *Reitmeyer*, 237 Mich App at 337. Because the amended version of the court rule eliminated the provision allowing for such sanctions, the trial court properly denied defendants' motion. MCR 2.403.

Affirmed.

/s/ James Robert Redford
/s/ David H. Sawyer