*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

LARRY PACK and DEBORAH PACK,

        Plaintiffs-Appellees,

v

JJ DEVELOPMENT, INC. and JOSEPH
TRUPIANO,

        Defendants-Appellants,

and

JEFFREY S. AMBURGY, REAL ESTATE ONE,
INC., WILLIAM WESLEY MORLAND, BRANDY
MORLAND, and MORLAND PROPERTY
SERVICES,

        Defendants.

UNPUBLISHED
August 1, 2024

No. 366808
Oakland Circuit Court
LC No. 2021-185965-CZ

Before: JANSEN, P.J., and REDFORD and D. H. SAWYER*, JJ.

JANSEN, P.J. (*dissenting*).

For the following reasons, I respectfully dissent. I would reverse the trial court order denying defendants', JJ Development, Inc. and Joseph Trupiano, motion for attorney fees and costs as case evaluation sanctions because the former version of MCR 2.403 providing mandatory case evaluation sanctions should be applied.

Defendants originally owned the property at issue as developers. Defendants sold the property to Morland Property Services (MPS), owned by William Wesley Morland (Morland), who then sold the property to plaintiffs, Deborah and Larry Pack, and then MPS would build a home for plaintiffs on the property in a new subdivision. Plaintiffs entered a purchase agreement and building addendum for the property with Morland only, but Morland and MPS never finished building the home.

*Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

Plaintiffs filed suit in January 2021, and then filed an amended complaint, alleging fraud claims against defendants, which were dismissed by summary disposition. Case evaluation took place in October 2021, at which time MCR 2.403(O)(1) provided for mandatory case evaluation sanctions if the party who rejected the award received a less-favorable verdict at trial. The award was for $1,500 to defendants, who accepted it; plaintiffs rejected it. The court rule was amended to remove Section (O), effective January 1, 2022. See 508 Mich clxiii. Thereafter, plaintiffs filed a second amended complaint, adding two new interference claims against defendants, which ultimately went to a jury, and judgments of no cause of action were entered in defendants' favor. When defendants then sought costs and attorney fees as case evaluation sanctions under former MCR 2.403, their motion was denied because the trial court decided to apply the new version of the rule.

As stated by the majority, MCR 1.102 provides that a court may apply the former version of a court rule "if it finds that the application of these rules to that action would not be feasible or would work injustice." Application of a new or amended court rule works an injustice "where a party acts, or fails to act, in reliance on the prior rules and the party's action or inaction has consequences under the new rules that were not present under the old rules." *Reitmeyer v Schultz Equip & Parts Co, Inc*, 237 Mich App 332, 337; 602 NW2d 596 (1999) (quotation marks and citations omitted). This is a case-by-case determination, and the exception must be narrowly applied. *Id*. at 342, 345. We review the trial court's decision whether application of a new court rule would "work injustice" for an abuse of discretion. *Id*. at 336.

Although the trial court engaged in an appropriate and detailed analysis of the proper test under MCR 1.102 and *Reitmeyer*, I believe that it abused its discretion in its decision to apply MCR 2.403 as amended and deny defendants case evaluation sanctions. From the beginning of these proceedings, there was no legal cause of action against defendants—the initial owner of the property and developer of the subdivision. Defendants were not a party to the lot reservation agreement, purchase agreement, or building addendum. The purchase agreement provided that the property would be transferred from defendants to MPS and then to plaintiffs at closing, further establishing that there was no contractual relationship between plaintiffs and defendants. Nonetheless, plaintiffs filed first and second amended complaints based on unsupported allegations against defendants. Plaintiffs' fraud claims were dismissed by summary disposition, and their interference claims were adjudicated with judgments of no cause of action after the jury verdict. Throughout the complex and arduous procedural history of this case, plaintiffs' attorney failed to establish any viable cause of action against defendants, who merely sold the land to the Morland defendants. Under these particular circumstances, the application of amended MCR 2.403 with no provision for case evaluation sanctions would work an injustice against defendants, MCR 1.102, who were unnecessarily dragged through this litigation when there were no viable claims against them.

Therefore, I believe that the trial court erred in denying defendants' motion for case evaluation sanctions. I would reverse the trial court order and remand for the trial court to determine the appropriate award of costs and fees in defendants' favor.

/s/ Kathleen Jansen