*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

BRENT MATTHEW GRANT,

      Plaintiff-Appellee,

v

AUTO OWNERS INSURANCE COMPANY and
HOME OWNERS INSURANCE COMPANY,

      Defendants-Appellants.

UNPUBLISHED
June 20, 2025
2:53 PM

No. 370343
Oakland Circuit Court
LC No. 2020-185375-NO

Before: WALLACE, P.J., and RICK and GARRETT, JJ.

PER CURIAM.

Plaintiff, Brent Matthew Grant, was injured in a motor-vehicle accident. He filed this breach-of-contract action against defendants Auto Owners Insurance Company and Home Owners Insurance Company (collectively "Auto Owners") seeking uninsured motorist (UM) benefits. Following a jury verdict in his favor, Grant moved for case-evaluation sanctions under former MCR 2.403(O). The trial court granted the motion and entered a judgment in Grant's favor. Auto Owners appeals by right, challenging the trial court's decision to apply former MCR 2.403(O) and award case-evaluation sanctions rather than the amended court rule, which does not provide for case-evaluation sanctions. Because the trial court's determination did not constitute an abuse of discretion in the circumstances of this case, we affirm.

## I. FACTS AND PROCEEDINGS

Grant was seriously injured in a head-on collision while driving his vehicle on a two-lane highway in California. Because no policy of insurance applied to the motorist who struck him or to the vehicle that the motorist was driving, Grant filed a claim for UM benefits with his insurer, Auto Owners. Grant's policy with Auto Owners had a $1 million limit for UM coverage. Grant filed this action after Auto Owners denied the claim. The parties participated in case evaluation under MCR 2.403. The case-evaluation panel awarded Grant $125,000, and both Grant and Auto Owners rejected the award. The case proceeded to trial, which resulted in a jury verdict in Grant's favor in the amount of $7.9 million.

-1-

Thereafter, Grant moved for case-evaluation sanctions under former MCR 2.403(O). He argued that, before the Michigan Supreme Court amended MCR 2.403 effective January 1, 2022, MCR 2.403(O) required the imposition of case-evaluation sanctions against Auto Owners. Grant maintained that the trial court should apply the rule in effect at the time that the parties rejected the case-evaluation award because he relied on the previous rule, and both parties understood at the time that case evaluation occurred that sanctions could be imposed. He asserted that he did not engage in gamesmanship and that his trial counsel agreed to replace his previous attorney with the understanding that case-evaluation sanctions were "in play." Grant further argued that allowing Auto Owners to escape sanctions would cause an injustice because both parties relied on the former rule, and his ability to recover sanctions was paramount because of the policy limit applicable to UM coverage.

Auto Owners opposed Grant's motion, arguing that MCR 1.102 required the trial court to apply the amended court rule because this action was pending on January 1, 2022, when the amended court rule took effect. Case evaluation occurred on October 7, 2021, the Supreme Court issued its order amending MCR 2.403 on December 2, 2021, and the amendment took effect on January 1, 2022. Auto Owners cited *RAD Constr, Inc v Davis*, 347 Mich App 716; 16 NW3d 328 (2023), overruled in part by *Webster v Osguthorpe*, ___ Mich ___; ___ NW3d ___ (2025) (Docket Nos. 166627 & 166628), which it argued prohibited the imposition of case-evaluation sanctions in cases that were evaluated under the former rule but went to trial after the amendment took effect. Auto Owners maintained that it relied on *RAD Constr* when it proceeded to trial, believing that no case-evaluation sanctions could be awarded. Further, it argued that the facts of this case were identical to those in *RAD Constr*, which constituted binding precedent and prohibited the imposition of case-evaluation sanctions in this case. Finally, it maintained that Grant would not suffer an injustice if the new court rule, rather than the former court rule, was applied.

The trial court granted the motion for case-evaluation sanctions. The court stated that *RAD Constr* did not prohibit case-evaluation sanctions in all cases and that the totality of the circumstances warranted the imposition of case-evaluation sanctions in this case because of the extent of Grant's injuries, "the nature of the event that happened," and the fact that Auto Owners made a "very low" offer to settle the case. The court also recalled discussing the matter with the attorneys in chambers and defense counsel indicating a willingness to proceed to trial because of the "ceiling," i.e., the $1 million policy limit, applicable to Grant's UM claim. The court further stated:

> I think that the totality of the facts here warrant the application of the old rules, the rules that were in effect through much of the pendency of this case and were in effect at the time the case evals [sic] were rejected, and made Mr. Grant, a sensitive individual, have to go through the emotional ordeal of a trial, made decisions regarding trial counsel being brought in and substituted, so many factors here which would, to me, seem to find that case eval sanctions aren't inappropriate here. It's one of the last times they'll ever be applied because all the cases are fading. But I would give it to Plaintiff here. I think there's enough in this record to support it.

The trial court entered a judgment in the amount of $1,520,437.05, which included the damages that the jury awarded, reduced to the policy limit of $1 million, plus taxable costs and

statutory interest.  The judgment also stated that Grant was entitled to case-evaluation sanctions in an amount to be determined at a later date.  Thereafter, Auto Owners filed this appeal.

## II.  STANDARD OF REVIEW

We review for an abuse of discretion the trial court's determination whether applying a new court rule, as opposed to a previous court rule, would "work injustice" under MCR 1.102. *Reitmeyer v Schultz Equip & Parts Co, Inc*, 237 Mich App 332, 336, 602 NW2d 596 (1999); see also *Webster*, ___ Mich at ___; slip op at 11.  "A trial court abuses its discretion when its decision falls outside the range of reasonable and principled outcomes." *Danhoff v Fahim*, 513 Mich 427, 442; 15 NW3d 262 (2024).

## III.  ANALYSIS

Effective January 1, 2022, our Supreme Court amended MCR 2.403 to eliminate Subrule (O), which provided for case-evaluation sanctions. *Webster*, ___ Mich at ___; slip op at 5; see also MCR 2.403, as amended by 508 Mich clxiii (2021).  Before the amendment, MCR 2.403(O)(1) provided:

> If a party has rejected an evaluation and the action proceeds to verdict, that party must pay the opposing party's actual costs unless the verdict is more favorable to the rejecting party than the case evaluation.  However, if the opposing party has also rejected the evaluation, a party is entitled to costs only if the verdict is more favorable to that party than the case evaluation.

The amendment to MCR 2.403 eliminated Subrule (O) altogether. *Webster*, ___ Mich at ___; slip op at 5.  In this case, we are asked to determine whether the trial court erred by applying the pre-amendment version of the court rule, thereby allowing Grant to recover case-evaluation sanctions.

MCR 1.102 states as follows:

> These rules take effect on March 1, 1985.  They govern all proceedings in actions brought on or after that date, and all further proceedings in actions then pending.  A court may permit a pending action to proceed under the former rules if it finds that the application of these rules to that action would not be feasible or would work injustice.

"Although MCR 1.102 was originally a transitional provision for the introduction of the court rules, 'the same principle has been applied to subsequently adopted or amended rules.' " *Reitmeyer*, 237 Mich App at 337, quoting 1 Dean & Longhofer, Michigan Court Rules Practice (4th ed), pp 4–5 (brackets omitted).  In accordance with MCR 1.102, a court generally applies newly-adopted court rules unless there exists a reason to apply the previous rules. *Id.*  Applying a newly-adopted court rule does not "work injustice" as stated in MCR 1.102 "merely because a different result would be reached under the new rules." *Id.* (quotation marks and citation omitted). "Rather, a new court rule would 'work injustice' where a party acts, or fails to act, in reliance on the prior rules and the party's action or inaction has consequences under the new rules that were not present under the old rules." *Id.* (quotation marks and citations omitted).  The "injustice"

exception to the general rule that court-rule amendments apply in all cases then pending "must be applied narrowly and with restraint, such that the exception does not subsume the rule itself," and requires an individual determination in every case. *Id*. at 345. "This determination should be based on the substance of the rule involved and the timing of plaintiff's actions, plaintiff's obvious gamesmanship or lack thereof, and thus plaintiff's reliance or lack of reliance on the rules as they existed at the time he made the pertinent decisions in this case, and any other pertinent factors in the individual case." *Id*.

Auto Owners primarily relies on *RAD Constr* and argues that the instant case requires the same result as in that case. In *RAD Constr*, 347 Mich App at 734, the parties participated in case evaluation in January 2021, and the plaintiff, "RAD," rejected the case-evaluation award. After RAD failed to obtain a more favorable outcome following trial, the trial court awarded the defendants case-evaluation sanctions. *Id*. at 735. This Court reversed the trial court's decision to award case-evaluation sanctions, stating as follows:

> Amended court rules apply to pending actions unless there is a reason to apply the old rules. See *Reitmeyer*, 237 Mich App at 337. We find no reason to apply the old rule in this case. The provision authorizing case-evaluation sanctions having been eliminated, the trial court had no authority to sanction RAD after January 1, 2022. By ordering case-evaluation sanctions against RAD, the trial court erred. [*RAD Constr*, 347 Mich App at 735.]

Auto Owners asserts that, as in *RAD Constr*, the trial court in this case lacked authority to impose case-evaluation sanctions. After the parties filed their briefs on appeal in this case, and this Court heard oral argument, our Supreme Court decided *Webster*. In *Webster*, the Court overruled *RAD Constr* to the extent that it "suggests that the trial court did not have the authority to apply the former version" of MCR 2.403. *Webster*, ___ Mich at ___; slip op at 10. Accordingly, Auto Owners's reliance on *RAD Constr* for the proposition that the trial court lacked authority to apply the former rule is unavailing. Further, as stated in *Reitmeyer*, 237 Mich App at 345, whether the "injustice" exception to MCR 1.102 applies is to be determined on a case-by-case basis. Therefore, we must examine the facts and circumstances in the instant case in reviewing the trial court's decision to apply the old rule in this case.[1]

When asked on what basis the trial court relied in applying the former rule, the court responded that its determination was based "on the totality of everything." More specifically, the court mentioned the extent of Grant's injuries, the nature of the incident that occurred, and the fact that Grant is a "sensitive individual" who had to endure the "emotional ordeal of a trial." In the trial court, Auto Owners moved to allow the filing of less than the full transcript as permitted under MCR 7.210(B)(1)(c),[2] and the trial court granted the motion. Accordingly, the trial court record

---

[1] Considering our Supreme Court's decision in *Webster* and the Court's partial overruling of *RAD Constr*, we reject Auto Owners's argument that the trial court's decision was unjust because binding precedent and the rule of stare decisis can no longer be relied on.

[2] MCR 7.210(B)(1)(c) provides, in relevant part:

does not include the full transcript; only the transcript of Grant's motion for case-evaluation sanctions is included in the record. Without the jury-trial transcript, or an alternative trial court filing that details Grant's injuries and sensibilities as well as the nature of the incident, we cannot conclude that the trial court abused its discretion by determining that those factors warranted application of the former court rule.

In addition to those factors, the trial court reasoned that the former court rule had been in effect during much of the lower court proceedings and that Grant's attorney agreed to substitute for previous counsel because case-evaluation sanctions were available at the time that he substituted in to this case. Grant's attorney maintains that the ability to recover case-evaluation sanctions was important to his decision to substitute for previous counsel because of the $1 million policy limit. The court also noted that Auto Owners made a very low offer to settle this case and that defense counsel remarked that he was willing to proceed to trial because he knew what the ceiling, or limit of Grant's recovery, would be. The court's reliance on those factors indicate that it believed that Auto Owners did not earnestly attempt to settle the case, and Grant argues that Auto Owners refused to negotiate in good faith and offer a reasonable settlement amount. The record indicates that Auto Owners offered Grant only $20,000 to settle the matter, but the jury awarded Grant $7.9 million. Moreover, Auto Owners does not suggest that Grant engaged in gamesmanship, and the record does not indicate that he did so. The trial court properly relied on factors set forth in *Reitmeyer*—including timing, gamesmanship, and reliance—in deciding whether applying the new rule would work an injustice. See *Webster*, ___ Mich at ___; slip op at 10.

Further, in contrast to this case, the record on appeal in *RAD Constr* is devoid of any analysis from the trial court on the issue of whether application of the amended version of MCR 2.403(O) would work injustice. Although the trial court held a hearing on the motion for sanctions in that case, the court took the motion under advisement and entered a praecipe order granting the motion and awarding attorney fees without providing any analysis in support of its decision. In the instant case, the trial court analyzed on the record whether applying the amended version of the court rule would work injustice. Accordingly, considering the unique facts and circumstances of this case, the trial court did not abuse its discretion by determining that applying the new court rule and precluding Grant from recovering case-evaluation sanctions would "work injustice" under MCR 1.102.

Affirmed.

/s/ Randy J. Wallace
/s/ Michelle M. Rick
/s/ Kristina Robinson Garrett

---

On the appellant's motion, with notice to the appellee, the trial court or tribunal may order that some portion less than the full transcript (or no transcript at all) be included in the record on appeal. The motion must be filed within the time required for filing an appeal, and, if the motion is granted, the appellee may file any portions of the transcript omitted by the appellant.