*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

REGINALD TARDY, JR.,

        Defendant-Appellant.

FOR PUBLICATION
October 5, 2023
9:10 a.m.

No. 360026
Montcalm Circuit Court
LC No. 2009-012440-FH

Before: GLEICHER, C.J., and RICK and MALDONADO, JJ.

RICK, J.

Defendant appeals as on leave granted[1] the order denying his motion for reissuance of his judgment of sentence under MCR 6.428, as amended effective January 1, 2021. We affirm.

## I. FACTUAL BACKGROUND

On September 24, 2009, defendant pleaded guilty to conducting a criminal enterprise, MCL 750.159i(1), in relation to his participation in a scheme to fraudulently obtain mortgage loans on residential properties in Grand Rapids four years earlier. On November 12, 2009, defendant was sentenced to 18 months' to 20 years' imprisonment and ordered to pay restitution in the amount of $131,114. Defendant's sentence was later amended by stipulation to reduce the restitution to $83,627. The amended judgment of sentence was entered February 17, 2010.

On August 17, 2010, more than nine months after the November 12, 2009 judgment of sentence was entered, defendant moved to withdraw his guilty plea. The Attorney General asked the trial court to dismiss the motion, arguing that under MCR 6.310(C), the court lacked subject-matter jurisdiction to consider the motion because it was not filed within six months of the November 12, 2009 sentence. At a hearing on the motion, defendant argued that the motion to withdraw was timely because it was filed within six months of the February 17, 2010 amended

---

[1] *People v Tardy, Jr*, ___ Mich ___; 979 NW2d 864 (2022) (Docket No. 164503).

-1-

judgment of sentence. The Attorney General disagreed, again arguing that for purposes of MCR 6.310(C), the triggering date was November 12, 2009. At a hearing on the matter, the trial court denied defendant's motion to withdraw, stating:

> The court rule does seem to be fairly clear. . . . I'm making reference to MCR 6.310(C), "The defendant may file a motion to withdraw the plea within six months after sentence." And as such the defendant was sentenced on November 12, 2009. I'm not seeing anything in that court rule that indicates anything other than an intention as to allowing for that motion within six months after the defendant was sentenced. And that is, in essence, the language that is used. So I don't think a subsequent stipulation to modify the amount of restitution or any clerical amendment of the judgment of sentence would trigger an extension. I can see if, per chance, there was a resentencing, or if there was, in some sense, a subsequent sentence. But with what happened here it's clear that defendant was sentenced on November 12, 2009, and that is the triggering date.

The trial court went on to explain that defendant could still bring a motion for relief from judgment under MCR 6.500 *et seq.*, but ultimately concurred with the Attorney General that the court lacked subject-matter jurisdiction to consider defendant's motion to withdraw his plea.

Defendant applied for delayed leave to appeal the trial court's ruling, and this Court denied leave "for lack of merit in the grounds presented." *People v Tardy, Jr*, unpublished order of the Court of Appeals, entered February 1, 2011 (Docket No. 301100). Defendant then appealed to the Supreme Court, which also denied leave to appeal, stating that "we are not persuaded that the questions presented should be reviewed by this Court." *People v Tardy, Jr*, 489 Mich 976; 798 NW2d 798 (2011).

On November 21, 2011, defendant filed a motion for relief from judgment in the circuit court. Defendant asserted that defense counsel rendered ineffective assistance by failing to timely file the motion to withdraw his plea, among other complaints. The trial court denied the motion, stating:

> In his motion for relief from judgment defendant does not actually even assert that he's innocent but alleges error in the refusal of this court to allow defendant to withdraw his plea . . . . Upon this court's review of defendant's Motion it plainly appears that the defendant is not entitled to relief. Defendant pled guilty, offered a factual basis and was sentenced in accord with a plea and sentence agreement . . . . Even now defendant does not allege any error in the plea proceeding or other legal, viable basis to set aside his plea. Defendant is simply not entitled to relief.

Defendant did not seek appellate review of this ruling.

Several years later, on March 2, 2017, defendant filed a second motion for relief from judgment, again seeking to withdraw his guilty plea. He primarily argued that trial counsel was ineffective for various reasons, including failing to properly investigate the case and pressuring

him to plead guilty. Defendant contended that but for trial counsel's deficient performance, he would not have entered a guilty plea. The trial court denied the motion, stating:

> Defendant entered a plea of guilty and therefore his claim of ineffective assistance of counsel requires the court to look at whether the defendant tendered his plea voluntarily and understandingly. Defendant does not allege any error in the plea taking process nor does a review of the transcript from the plea suggest any errors in obtaining defendants plea. Additionally, this Court presumes that counsel's conduct fell within a wide range of reasonable professional assistance, and the defendant bears a heavy burden to overcome this presumption. Defendant has failed to overcome this presumption . . . . in spite of his recent affidavit some eight years after his plea and sentencing, there appears to be no defect in the plea taking process. There is nothing in the record that would suggest defendant's plea was involuntary or defendant failed to understand. It can also be noted that at sentencing, defendant acknowledged his crimes and apologized for same. This would be in contrast to his February 22, 2017 post-conviction affidavit that supports his most recent claim of new evidence and actual innocence.

Defendant applied for leave to appeal in this Court. This Court denied leave, finding that defendant "failed to demonstrate his entitlement to an application of any of the exceptions to the general rule that a movant may not appeal the denial of a successive motion for relief from judgment." *People v Tardy, Jr*, unpublished order of the Court of Appeals, entered February 22, 2018 (Docket No. 340064). He did not seek leave to appeal in the Supreme Court.

Defendant next attempted to revive his appeal after an amended version of MCR 6.428 became effective on January 1, 2021. The prior version of MCR 6.428 applied only to appeals as of right and not to plea-based convictions. Conversely, the new version stated:

> If the defendant, whether convicted by plea or at trial, was denied the right to appellate review or the appointment of appellate counsel due to errors by the defendant's prior attorney or the court, or other factors outside the defendant's control, the trial court shall issue an order restarting the time in which to file an appeal or request counsel.

On October 13, 2021, relying on the amended version of MCR 6.428, defendant moved the circuit court for reissuance of his judgment of sentence in an effort to restore his appellate rights. Defendant asserted that his appellate counsel's failure to file his motion to withdraw his plea within six months of his sentence, as required under MCR 6.310(C), deprived him of review of the substantive merits of his claims. He also stated that it subjected him to a higher bar for relief because he was required to seek relief from judgment under MCR 6.500 *et seq.*, and resulted in the denial of any meaningful appellate review. The Attorney General responded that defendant's motion was improper because he had already exhausted his available appellate remedies. The trial court agreed with the Attorney General that defendant had exhausted every appellate remedy available to him and denied the motion.

Defendant applied for delayed leave to appeal to this Court, once again arguing that he was entitled to the restoration of his appellate rights under MCR 6.428 because his appellate counsel's

failure to timely move to withdraw his plea deprived him of meaningful review of his plea-based conviction. This Court denied defendant's delayed application for leave to appeal "for lack of merit in the grounds presented." *People v Tardy, Jr*, unpublished order of the Court of Appeals, entered April 14, 2022 (Docket No. 360026). Thereafter, defendant applied for leave to appeal in the Supreme Court. The Supreme Court, in lieu of granting leave, remanded the case to this Court for consideration as on leave granted, directing us to "specifically address whether MCR 6.428 applies under the procedural posture and factual circumstances present in this case." *People v Tardy, Jr*, ___ Mich ___; 979 NW2d 864 (2022) (Docket No. 164503).

## II. ANALYSIS

Defendant argues that he was denied appellate review of his plea-based conviction and that he is entitled to the restoration of his appellate rights under the amended version of MCR 6.428. We disagree.

This Court reviews a trial court's decision on a postconviction motion for an abuse of discretion. *People v Byars*, ___ Mich App ___, ___; ___ NW2d ___ (2023) (Docket No. 357013); slip op at 3. "A court abuses its discretion if its decision falls outside the range of reasonable and principled outcomes. Clear error exists when the reviewing court is left with the definite and firm conviction that a mistake has been made." *Id.* at ___; slip op at 3-4. This Court also reviews for an abuse of discretion a trial court's interpretation of a court rule. *Id.* at ___; slip op at 4. The trial court's factual findings are reviewed for clear error. *Id.* at ___; slip op at 3.

## A. RETROACTIVITY

Prior to 2021, MCR 6.428 was "directed exclusively at perfecting a timely appeal of right[,]" *People v Ray*, 488 Mich 887; 788 NW2d 673 (2010), and did not apply to plea-based convictions, which are appealable only by leave granted. See Const 1963, art 1, § 20; MCL 770.3(1)(d); *People v Harlan*, 258 Mich App 137, 140-141; 669 NW2d 872 (2003); MCR 6.425(E)(2)(a); MCR 7.203(A)(1)(b), (B). Effective January 1, 2021, the amended version of MCR 6.428 provides:

> If the defendant, whether convicted by plea or at trial, was denied the right to appellate review or the appointment of appellate counsel due to errors by the defendant's prior attorney or the court, or other factors outside the defendant's control, the trial court shall issue an order restarting the time in which to file an appeal or request counsel.

As an initial matter, that the prior version MCR 6.428 was still in effect when defendant was sentenced in 2009 raises a question about whether the amended version of the statute retroactively applies to defendant's claim. Neither party addressed this issue in the court below, and neither do so on appeal. Typically, we would not address such issues. See *Tingley v Kortz,* 262 Mich App 583, 588; 688 NW2d 291 (2004) ("Ordinarily, we do not address issues not raised below or on appeal, or issues that were not decided by the trial court."). "However, this Court possesses the discretion to review a legal issue not raised by the parties." *Id.* Since the applicability of the amended version of MCR 6.428 presents a threshold issue, we will make an

-4-

exception to the general rule regarding the review of issues not raised or addressed in the trial court.

In *Byars*, ___ Mich App at ___; slip op at 4-5, this Court addressed the retroactive application of MCR 6.428:

> In *Reitmeyer v Schultz Equip & Parts Co, Inc*, 237 Mich App 332, 337; 602 NW2d 596 (1999), this Court held that determining whether a newly amended or adopted court rule applies in a given case is governed by MCR 1.102, "because MCR 1.102 provides its own specific rules for the application of new and amended court rules that should take precedence over the generalized rules of retrospectivity and prospectivity." MCR 1.102 provides:
>
>> These rules take effect on March 1, 1985. They govern all proceedings in actions brought on or after that date, and all further proceedings in actions then pending. A court may permit a pending action to proceed under the former rules if it finds that the application of these rules to that action would not be feasible or would work injustice.
>
> * * *
>
> "[T]he norm is to apply the newly adopted court rules to pending actions unless there is reason to continue applying the old rules." *Id*. (quotation marks and citation omitted). "[A]n injustice is not present merely because a different result would be reached under the new rules." *Id*. (quotation marks and citation omitted). "Rather, a new court rule would 'work injustice' where a party acts, or fails to act, in reliance on the prior rules and the party's action or inaction has consequences under the new rules that were not present under the old rules." *Id*. at 337 (quotation marks and citation omitted). Thus, the current version of MCR 6.428 governs the restoration of a defendant's appellate rights unless defendant acted or failed to act in reliance on the previous version of MCR 6.428 and defendant's action or inaction has consequences under the new rule that were not present under the old rule.
>
> Even though the alleged errors of defendant's previous counsel occurred before the current version of MCR 6.428 took effect, defendant relies upon the current version of MCR 6.428 for the restoration of his appellate rights. Defendant did not act or fail to act in reliance on the previous version of MCR 6.428 and the application of the current version of MCR 6.428 is feasible and will not work an injustice on the parties. MCR 6.428 therefore applies retroactively in this case.

Defendant is in a similar position to the defendant in *Byars*. In this case, the alleged error occurred well before MCR 6.428 was amended. As this Court recognized in *Byars*, the retroactive application of an amended court rule would "work injustice" where a "defendant acted or failed to act in reliance on the previous version of MCR 6.428 and [a] defendant's action or inaction has consequences under the new rule that were not present under the older rule." *Byars*, ___ Mich App at ___; slip op at 5. "The 'injustice' exception to MCR 1.102 must be applied narrowly and

with restraint, such that the exception does not subsume the rule itself[.]" *Reitmeyer*, 237 Mich App at 345.

Since defendant was convicted by plea, he could only pursue direct appellate review by filing an application for leave to appeal. And because the former version of MCR 6.428 applied only to appeals of right, he could not have used it as a means of restoring his appellate rights. Accordingly, defendant's reliance on the amended version, which expanded MCR 6.428's scope to include plea-based convictions, had consequences that were not present under the old version; namely that defendant, who was convicted by plea, can now use it to seek restoration of his appellate rights. See *Byars*, ___ Mich App at ___; slip op at 5. However,

> [w]hile the results may be different between the old and new rule, as may ordinarily be expected, this is not the dispositive factor in the analysis. Rather . . . several factors must be considered when determining the "injustice" in a particular case and whether a party "relied" on a court rule to the extent that it would be "unjust" to alter the rule in midstream. [*Reitmeyer*, 237 Mich App at 345.]

The limited record on this issue does not demonstrate that application of the amended version of MCR 6.428 in defendant's case is unfeasible or would work an injustice. MCR 1.102; *Byars*, ___ Mich App at ___; slip op at 5. Again, "injustice is not present merely because a different result would be reached under the new rules." *Reitmeyer*, 237 Mich App at 337 (quotation marks and citation omitted). Relevant considerations in analyzing whether "injustice" would result from applying an amended rule are the purpose behind the amendment, the circumstances of the individual case, and whether a party relied on the previous court rule. See *id*. at 341-342, 345.

The newly amended version of MCR 6.428 enables defendants convicted by plea to restore their appellate rights if they were denied appellate review of a plea-based conviction for reasons outside of their control, such as errors made by counsel or the trial court. Thus, the Michigan Supreme Court clearly intended to make the restoration of appellate rights available to a broader class of defendants. See *Byars*, ___ Mich App at ___; slip op at 5 ("Changes to a court rule must be construed in light of preceding court rules and the historical legal development of the court rules.") (quotation marks and citation omitted). Considering the Supreme Court's intent to expand MCR 6.428, we conclude that providing defendant with a renewed opportunity to pursue an appeal under MCR 6.428 would not work an injustice if he can demonstrate that he was deprived of his right to appellate review through no fault of his own.

"The very system of justice administered by this Court rests on the fair application of fundamental rights, such as the right to counsel on first-tier appellate review." *People v Maxon*, 482 Mich 385, 411-412; 759 NW2d (2008) (CAVANAGH, J., dissenting); see also *Roe v Flores-Ortega*, 528 US 470, 484; 120 S Ct 1029; 145 L Ed 2d 985 (2000) ("when counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken, the defendant has made out a successful ineffective assistance of counsel claim entitling him to an appeal"). Although defendant's plea-based conviction was obtained over a decade prior, and the state has an interest in the finality of a conviction, see *Maxon*, 482 Mich at 397-398, the Attorney General has raised no argument against the application of the amended version of MCR 6.428. Indeed, in response to defendant's motion and on appeal, the Attorney

General also applies the current version of MCR 6.428. Accordingly, for all of the foregoing reasons, we conclude that MCR 6.428 applies retroactively to defendant's claim.

## B. APPLICATION OF AS-AMENDED MCR 6.428

This Court recently analyzed the amended version of MCR 6.428 in *Byars*, ___ Mich App at ___; slip op at 6-7, stating:

> Under the current version of MCR 6.428, defendant may obtain the restoration of his appellate rights and [a] restart of the time in which to file an appeal if he establishes that he "was denied the right to appellate review or the appointment of appellate counsel due to errors by the defendant's prior attorney or the court, or other factors outside the defendant's control . . . ." This means that, if defendant's counsel, the lower court, or other factors outside defendant's control caused the denial either of his right to appellate review or the appointment of appellate counsel, he would be entitled to relief. Under the plain, unambiguous language of MCR 6.428, defendant must establish that (1) errors by the defendant's previous counsel denied him appellate review or the appointment of appellate counsel, or (2) errors by the lower court denied him appellate review or the appointment of appellate counsel, or (3) some other factors that were outside defendant's control caused him the denial of appellate review or the appointment of appellate counsel. Accordingly, defendant has three ways that he can establish entitlement to the restoration of his appellate rights.

> Respecting the first way to establish the right to restoration of appellate rights, we note that under current MCR 6.428, a defendant no longer needs to demonstrate ineffective assistance of counsel. . . . Our Supreme Court's changes indicate that MCR 6.428 requires a defendant to establish a less burdensome requirement, that counsel committed an error, i.e., committed an ignorant or imprudent deviation from a code of behavior or engaged in an act that through mistake, ignorance, deficiency, or accident, departed from or failed to achieve what should have been done resulting in the denial of the defendant's right to appellate review.

> Under MCR 6.428, even if a defendant has timely filed a claim of appeal or been appointed appellate counsel, the defendant could still be denied the right to appellate review if appellate counsel or the court commits an error, or other factors outside of the defendant's control occur that result in denial of appellate review. The mere appointment of appellate counsel or filing of a claim of appeal, therefore, does not establish that a defendant actually has been afforded the right to appellate review if the defendant can demonstrate an error committed by prior counsel or the court, or other factors beyond the defendant's control, that resulted in the denial of appellate review. The exercise of the right to appellate review is more than the mere filing of a claim of appeal or the appointment of counsel. However, if after a defendant has filed a claim of appeal the defendant voluntary withdraws or dismisses the claim of appeal, to gain relief under MCR 6.428, such defendant must

establish the commission of an error by counsel or the court, or other factors outside the defendant's control, that caused the ultimate denial of appellate review.

Defendant says he was denied the right to appellate review because his appellate counsel failed to timely file a motion to withdraw his plea pursuant to MCR 6.310. In October 2010, when defendant's motion to withdraw his plea was filed and subsequently denied by the trial court, MCR 6.310 provided, in relevant part:

> (C) The defendant may file a motion to withdraw the plea within six months after sentence. Thereafter, the defendant may seek relief only in accordance with the procedure set forth in subchapter 6.500. If the trial court determines that there was an error in the plea proceeding that would entitle the defendant to have the plea set aside, the court must give advice or make the inquiries necessary to rectify the error and then give the defendant the opportunity to elect to allow the plea and sentence to stand or to withdraw the plea. . . .

> (D) A defendant convicted on the basis of a plea may not raise on appeal any claim of noncompliance with the requirements of the rules in this subchapter, or any other claim that the plea was not an understanding, voluntary, or accurate one, unless the defendant has moved to withdraw the plea in the trial court, raising as a basis for withdrawal the claim sought to be raised on appeal. [MCR 6.310, as amended January 1, 2006; 473 Mich xlii, lxiv-lxvi.[2]]

MCR 6.310(D) precludes a defendant from raising his or her plea-based claims on appeal without first filing a motion to withdraw the plea in the trial court. It thus potentially implicates a defendant's right to direct appellate review, since a defendant must proceed by way of a postconviction motion for relief from judgment if the motion to withdraw plea is not timely filed. Thus, an appellate attorney's failure to move to withdraw a defendant's plea under MCR 6.310(C) falls within MCR 6.428's purview because it could ostensibly result in the loss of the right to appellate review of plea-based claims under MCR 6.310(D).

Regarding the loss of his right to appellate review, defendant contends that his case is most closely analogous to *People v Rowe*, 509 Mich 863 (2022). There, our Supreme Court stated:

> The parties agree that the defendant's appellate attorneys allowed the time limits for appellate review to expire without seeking direct review of the defendant's plea-based convictions or filing a motion to withdraw [as counsel] that met the requirements of *Anders v California*, 386 US 738, 744, 87 S Ct 1396, 18 L Ed 2d 493 (1967). Accordingly, the defendant was deprived of his direct appeal as a result of constitutionally ineffective assistance of counsel. See *Roe v Flores-Ortega*, 528

---

[2] MCR 6.310(C) has since been amended, but this Court must apply the version of the court rules in effect at the time of the trial court's actions. See *In re Guardianship of Brosamer*, 328 Mich App 267, 272 n 1; 936 NW2d 870 (2019) ("All references in this opinion to the statute are to the version in effect when the trial court issued its order."). Thus, all references to MCR 6.310 in this opinion are to the version that was in effect in October 2010.

US 470, 477, 120 S Ct 1029, 145 L Ed 2d 985 (2000); *Peguero v United States*, 526 US 23, 28, 119 S Ct 961, 143 L Ed 2d 18 (1999).

The Court vacated an order denying the defendant's motion for relief from judgment and remanded to the trial court for reissuance of the defendant's judgment of sentence. *Id*. Defendant states that, much like the defendant in *Rowe*, he was denied the right to appellate review when his counsel failed to timely move to withdraw his plea.

Defendant's characterization of his case is unavailing. He fails to mention that in *Rowe*, the defendant was not afforded *any* appellate review because his appellate attorneys completely failed to seek review of his plea-based convictions. Here, defendant's appellate counsel filed a motion to withdraw his plea nine months after defendant's sentence and thus failed to comply with the six-month deadline under MCR 6.310(C). The trial court properly denied the motion on that basis. Defendant then timely filed a delayed application for leave to appeal in the Court of Appeals, raising the same plea-based challenges he raised in the motion to withdraw. Thus, unlike the defendant in *Rowe*, defendant here managed to secure appellate review of his claims.

Significantly, this Court denied defendant's delayed application for leave to appeal "for lack of merit in the grounds presented." *People v Tardy, Jr*, unpublished order of the Court of Appeals, entered February 1, 2011 (Docket No. 301100). While denying for lack of merit "may not be equivalent to a 'final decision' on the merits," a "court's response to the leave application . . . entails some evaluation of the merits of the applicant's claims." *Halbert v Michigan*, 545 US 605, 618; 125 S Ct 2582; 162 L Ed 2d 552 (2005). Under the amended version of MCR 6.428, a defendant is entitled to restart the time in which to file an appeal only if he can demonstrate that an error by the defendant's prior attorney or the court, or any other factor outside of the defendant's control, "caused the ultimate *denial* of appellate review." *Byars*, ___ Mich App at ___; slip op at 7. By considering defendant's application for leave to appeal, this Court reviewed the lower court record and evaluated the merits of the issues raised in the application, along with defendant's arguments for setting aside his guilty plea. In other words, the Court engaged in the appellate review of defendant's claims and found no merit in the grounds presented. And an order denying an application for lack of merit in the grounds presented "means what it says—it is on the *merits* of the case." *Pioneer State Mut Ins Co v Michalek*, 330 Mich App 138, 144; 946 NW2d 812 (2019) (emphasis added). Under the circumstances presented in this case, defendant was not denied the right to appellate review of his plea-based challenges, and is thus not entitled to the restoration of his appellate rights under MCR 6.428.

## III. CONCLUSION

Although the amended version of MCR 6.428 retroactively applies here, defendant has not demonstrated that he was denied his right to appellate review and is not entitled to the restoration of his appellate rights. This is not a case where appellate review of defendant's plea-based claims was never pursued. Instead, in defendant's delayed application for leave, defendant not only challenged the circuit court's dismissal of his motion to withdraw his plea as untimely, but raised each of the substantive issues challenging his plea that he raised in his motion to withdraw. Thus, despite the untimely motion, he raised those issues before this Court, which denied the application "for lack of merit in the grounds presented." Defendant has failed to show that he was denied the

right to appellate review, and accordingly, the trial court did not err in denying relief under MCR 6.428.

Affirmed.

/s/ Michelle M. Rick
/s/ Elizabeth L. Gleicher
/s/ Allie Greenleaf Maldonado