# Syllabus

Chief Justice:
Megan K. Cavanagh

Justices:
Brian K. Zahra
Richard H. Bernstein
Elizabeth M. Welch
Kyra H. Bolden
Kimberly A. Thomas
Noah P. Hood

This syllabus constitutes no part of the opinion of the Court but has been prepared by the Reporter of Decisions for the convenience of the reader.

Reporter of Decisions:
Kimberly K. Muschong

## WEBSTER v OSGUTHORPE

Docket Nos. 166627 and 166628. Argued on application for leave to appeal January 22, 2025. Decided May 27, 2025.

Giorgio Webster brought an action in the Macomb Circuit Court against Dr. Jeffrey Osguthorpe and Summit Oral and Maxillofacial Surgery, PC, for dental malpractice concerning care rendered during a biopsy. On December 8, 2020, the parties participated in what was then mandatory case evaluation under MCR 2.403. The case-evaluation panel entered an evaluation that included an award in favor of plaintiff; plaintiff accepted the award, but defendants rejected it. The parties participated in at least five separate settlement conferences and two court-ordered facilitations. Following a trial, the jury returned a verdict in favor of plaintiff. Defendants moved for judgment notwithstanding the verdict or, in the alternative, remittitur of the verdict. Plaintiff, in turn, moved for entry of judgment, requesting costs, statutory interest, and attorney fees as a case-evaluation sanction under MCR 2.403(O). However, during the pendency of the litigation, MCR 2.403 was amended. While MCR 2.403(O) had previously permitted an award of costs and attorney fees as sanctions against a losing party who rejects a case-evaluation award (unless the verdict is more favorable to them than the award), the amendment—effective January 1, 2022—eliminated the availability of case-evaluation sanctions altogether. Therefore, defendants contested the assessment of case-evaluation sanctions under MCR 2.403(O). The trial court held a hearing and granted plaintiff's request for sanctions, applying the former court rule. The parties later stipulated to an amount of reasonable attorney fees, and the trial court, James M. Biernat, Jr., J., entered an amended judgment reflecting that amount, along with statutory interest and costs. Defendants appealed, and in an unpublished per curiam opinion issued on December 21, 2023 (Docket Nos. 362891 and 363747), the Court of Appeals, JANSEN, P.J., and CAVANAGH and GADOLA, JJ., reversed the case-evaluation-sanctions award but affirmed the trial court's amended judgment in all other respects. The Court of Appeals held that even if the trial court had discretion to apply former MCR 2.403(O), a sanctions award was not justified because the verdict that plaintiff received was so substantially above the case-evaluation award that there was no injustice to plaintiff. Both parties sought leave to appeal in the Supreme Court, and the Supreme Court ordered and heard oral argument on plaintiff's cross-application. 513 Mich 1120 (2024).

In a unanimous opinion by Chief Justice CAVANAGH, the Supreme Court, in lieu of granting leave to appeal, *held*:

MCR 2.403 governs case evaluation, which is a process in which parties to an action submit briefs to a panel of three attorneys, present arguments to the panel at a hearing, and receive an award from the panel that they may either accept or reject. If both parties accept the award, the case is resolved; but if either party rejects it, the case proceeds to trial. Prior to January 1, 2022, MCR 2.403 provided for attorney fees and costs as case-evaluation sanctions. Former MCR 2.403(O)(1) provided that if a party has rejected an evaluation and the action proceeds to verdict, that party must pay the opposing party's actual costs unless the verdict is more favorable to the rejecting party than the case evaluation; however, if the opposing party has also rejected the evaluation, a party is entitled to costs only if the verdict is more favorable to that party than the case evaluation. The remainder of MCR 2.403(O) defined when verdicts were considered more favorable to a defendant or a plaintiff, outlined which actual costs were recoverable as sanctions, and provided an exception to the mandatory rule in MCR 2.403(O)(1). Effective January 1, 2022, MCR 2.403(O) was fully removed, such that case-evaluation sanctions could no longer be imposed on parties who reject case-evaluation awards. In assessing whether a previous version of the court rules should apply to a particular case, Michigan courts have relied on MCR 1.102, which provides, in pertinent part, that a court may permit a pending action to proceed under the former rules if it finds that the application of the current rules to that action would not be feasible or would work injustice. The analysis in *Reitmeyer v Schultz Equip & Parts Co, Inc*, 237 Mich App 332 (1999), was formally adopted to guide the determination whether to apply a current or former court rule. The *Reitmeyer* Court held that a decision under MCR 1.102 requires an individual determination whether an injustice would result from the application of the amended version of the court rule. This determination should be based on the substance of the rule involved and the timing of the parties' actions, the parties' obvious gamesmanship or lack thereof, the parties' reliance or lack of reliance on the rules as they existed at the time the parties made the pertinent decisions in the case, and any other pertinent factors in the individual case. When reviewing a trial court's determination under MCR 1.102, the reviewing court applies the abuse-of-discretion standard of review. This standard was considered appropriate because abuse-of-discretion review is generally appropriate when a decision requires familiarity with the facts of the case and when a question is not primarily legal but instead grows out of, and is bounded by, case-specific detailed factual circumstances. The abuse-of-discretion standard was also considered appropriate because it is consistent with how Michigan courts have treated "interest of justice" exceptions in former MCR 2.403 and other court rules. Applying the abuse-of-discretion standard of review to this case, the trial court did not abuse its discretion by applying the former version of MCR 2.403 and awarding case-evaluation sanctions. Because defendants rejected the case-evaluation award and the verdict was not more favorable to defendants than the award, plaintiff was entitled to sanctions under the conditions of MCR 2.403(O) as it was applied. The trial court appropriately applied the *Reitmeyer* analysis to conclude that application of the current court rule would work an injustice. One factor in the *Reitmeyer* analysis is whether applying the amended rule furthers its purpose given the timing of events in the case. All the actions in this case that could affect whether to award case-evaluation sanctions occurred before the amendment became effective, and given this timing, the goals of the amendment would not have been furthered. Another *Reitmeyer* factor is the parties' reliance or lack of reliance on the rules that existed when they made pertinent strategic decisions. In this case, the trial court found that plaintiff's decisions to proceed to trial were made in reliance on the availability of sanctions under the former rule such that justice favored its application. Case evaluation in this case had occurred more than a year before the rule change, and the parties had attended multiple settlement conferences, participated in a facilitation session, and had three

different trial dates.  The Court of Appeals in this case appeared to conduct a de novo analysis of whether application of the current rule would work an injustice under MCR 1.102 as opposed to reviewing the trial court's determination for an abuse of discretion.  Furthermore, while the Court of Appeals arguably analyzed pertinent factors in the individual case, it failed to contend with the articulated reasons for the trial court's decision within the *Reitmeyer* framework.  Finally, the trial court's decision to apply former MCR 2.403(O) was not outside the range of reasonable and principled outcomes considering the specific facts of this case.  Accordingly, the trial court did not abuse its discretion by awarding case-evaluation sanctions to plaintiff under former MCR 2.403(O).

Court of Appeals' judgment reversed in part; trial court's award of case-evaluation sanctions reinstated.

Justice HOOD did not participate because the Court considered this case before he assumed office.

# OPINION

Chief Justice:
Megan K. Cavanagh

Justices:
Brian K. Zahra
Richard H. Bernstein
Elizabeth M. Welch
Kyra H. Bolden
Kimberly A. Thomas
Noah P. Hood

FILED May 27, 2025

STATE OF MICHIGAN

SUPREME COURT

GIORGIO WEBSTER,

      Plaintiff-Appellee/Cross-
      Appellant,

v                                         Nos. 166627-8

DR. JEFFREY OSGUTHORPE and
SUMMIT ORAL AND MAXILLOFACIAL
SURGERY, PC,

      Defendants-Appellants/Cross-
      Appellees.

BEFORE THE ENTIRE BENCH (except HOOD, J.)

CAVANAGH, C.J.

This case concerns whether the trial court properly awarded attorney fees and costs as sanctions under former MCR 2.403(O) after the court rule had been eliminated by amendment. We hold that the trial court had discretion to apply the former court rule under MCR 1.102 and did not abuse that discretion. Therefore, we reverse the Court of Appeals'

judgment in part and reinstate the trial court's award of case-evaluation sanctions. We further deny defendants' application for leave to appeal because we are not persuaded that the questions presented should be reviewed by this Court.

## I. FACTS AND PROCEDURAL BACKGROUND

In 2019, plaintiff, Giorgio Webster, sued defendants, Dr. Jeffrey Osguthorpe and Summit Oral and Maxillofacial Surgery, PC, for dental malpractice concerning care rendered during a biopsy. On December 8, 2020, the parties participated in what was then mandatory case evaluation under MCR 2.403. The case-evaluation panel entered an evaluation that included an award in favor of plaintiff for $199,000. While plaintiff accepted the award, defendants rejected it, and so the case proceeded. Thereafter, the parties participated in at least five separate settlement conferences[1] and two court-ordered facilitations.[2] The case was initially scheduled to go to trial in August 2021 but was adjourned at least four times—to October 19, 2021, to December 14, 2021, to January 11, 2022, and finally to April 12, 2022. Following a trial, the jury returned a verdict in favor of plaintiff, awarding $68,000 in past economic damages, $1.375 million in past noneconomic damages, and $1.307 million in future noneconomic damages. After adjustment of the verdict under MCL 600.1483, which caps noneconomic damages in medical malpractice cases, the trial court entered a judgment in favor of plaintiff in the amount of $565,000.

---

[1] Settlement conferences were held on February 3, 2021; May 6, 2021; June 15, 2021; January 25, 2022; and April 11, 2022.

[2] The facilitations were conducted nearly a year apart on March 24, 2021, and on March 16, 2022.

2

Defendants moved for judgment notwithstanding the verdict or, in the alternative, remittitur of the verdict. Plaintiff, in turn, moved for entry of judgment, requesting costs, statutory interest, and attorney fees as a case-evaluation sanction under MCR 2.403(O). However, during the pendency of the litigation, this Court amended MCR 2.403 and, while MCR 2.403(O) had previously permitted an award of costs and attorney fees as sanctions against a losing party who rejects a case-evaluation award (unless the verdict is more favorable to them than the award), the amendment—effective January 1, 2022—eliminated the availability of case-evaluation sanctions altogether. MCR 2.403, as amended December 2, 2021, 508 Mich clxi (2021). Thus, defendants contested the assessment of case-evaluation sanctions under MCR 2.403(O) because that subsection of the court rule had been abrogated.

After a hearing, the trial court granted plaintiff's request for sanctions. The trial court agreed with plaintiff that justice favored applying the former rule, citing *Reitmeyer v Schultz Equip & Parts Co, Inc*, 237 Mich App 332, 336-338; 602 NW2d 596 (1999). The parties later stipulated to the amount of $169,512.54 as reasonable attorney fees incurred by plaintiff after defendants' rejection of the case-evaluation award, and the trial court entered an amended judgment reflecting that amount, along with statutory interest and costs.[3]

Defendants appealed, and the Court of Appeals reversed the case-evaluation-sanctions award but affirmed the trial court's amended judgment in all other respects.

---

[3] The trial court denied defendants' motion for judgment notwithstanding the verdict or remittitur.

3

*Webster v Osguthorpe*, unpublished per curiam opinion of the Court of Appeals, issued December 21, 2023 (Docket Nos. 362891 and 363747). The Court of Appeals held that even if the trial court had discretion to apply former MCR 2.403(O), a sanctions award was not justified because the verdict that plaintiff received was so substantially above the case-evaluation award that there was no injustice to plaintiff. *Webster*, unpub op at 9-11.

Both parties sought leave to appeal in this Court. We granted oral argument on plaintiff's cross-application and directed the parties to file supplemental briefs addressing: "(1) whether the Macomb Circuit Court had the discretion to apply the former MCR 2.403(O); and, if so (2) whether an award of sanctions was justified in this case." *Webster v Osguthorpe*, 513 Mich 1120, 1120 (2024).

## II. ANALYSIS

MCR 2.403 is the court rule that governs case evaluation. Case evaluation is an alternative dispute resolution (ADR) process in which parties to an action submit briefs to a panel of three attorneys, present arguments to the panel at a hearing, and receive an award from the panel that they may either accept or reject. If both parties accept the award, the case is resolved; but if either party rejects it, the case proceeds to trial. Prior to January 1, 2022, MCR 2.403 provided for attorney fees and costs as case-evaluation sanctions, stating:

> If a party has rejected an evaluation and the action proceeds to verdict, that party must pay the opposing party's actual costs unless the verdict is more favorable to the rejecting party than the case evaluation. However, if the opposing party has also rejected the evaluation, a party is entitled to costs only if the verdict is more favorable to that party than the case evaluation. [Former MCR 2.403(O)(1).]

MCR 2.403(O)(3) had stated that, after an adjustment for costs and interest, "the verdict is considered more favorable to a defendant if it is more than 10 percent below the evaluation"

4

and "is considered more favorable to the plaintiff if it is more than 10 percent above the evaluation." Further, actual costs recoverable as sanctions were "those costs taxable in any civil action" and "a reasonable attorney fee based on a reasonable hourly or daily rate as determined by the trial judge for services necessitated by the rejection of the case evaluation . . . ." MCR 2.403(O)(6). That is, costs and attorney fees were measured from the date the losing party rejected the award until the final judgment was entered. *Id*. MCR 2.403(O) had also contained an exception to the mandatory rule in MCR 2.403(O)(1): if the verdict resulted from a judgment entered because of a ruling on a motion after rejection of the case evaluation, "the court may, in the interest of justice, refuse to award actual costs." MCR 2.403(O)(11). "The purpose of case evaluation sanctions is to shift the financial burden of trial onto the party who demands a trial by rejecting a proposed case evaluation award." *Tevis v Amex Assurance Co*, 283 Mich App 76, 86; 770 NW2d 16 (2009).

Effective January 1, 2022, MCR 2.403, along with MCR 2.404 (selection of case-evaluation panels) and MCR 2.405 (offers to stipulate to entry of judgment) were amended to improve the case-evaluation process in a variety of ways. MCR 2.403 to MCR 2.405, 508 Mich clxi, clxviii-clxix (staff comment). Significantly, MCR 2.403(O) was fully removed, such that case-evaluation sanctions can no longer be imposed on parties who reject case-evaluation awards.[4] These changes resulted from recommendations gathered

---

[4] A party may still obtain costs from an opposing party under MCR 2.405 if (1) the adjusted verdict is more favorable to the offeror than the average offer to stipulate to entry of judgment (offeree pays) or (2) the adjusted verdict is more favorable to the offeree than the average offer to stipulate to entry of judgment (offeror pays). MCR 2.405(D).

by the State Court Administrative Office (SCAO) from studies conducted in 2011 and 2018, along with a committee report that was created by the SCAO-convened Court Rules Review Committee (the Committee). MCR 2.403 to MCR 2.405, 508 Mich at clxix-clxx (CAVANAGH, J., concurring). The Committee had concluded that eliminating case-evaluation sanctions

> would level the playing field for plaintiffs and defendants, given the consensus that case evaluation primarily favored defendants and insurance carriers (who could absorb the cost of sanctions across hundreds of cases) over plaintiffs with a single case. In addition, the committee concluded that sanctions force settlements that are not based on the merits of claims and defenses, sanctions are not used by other states' ADR processes, and sanctions are no longer needed in an era in which less than one percent of circuit court civil claims are adjudicated at trial. [*Id*. at clxx-clxxi.]

In this case, plaintiff argues that the trial court did not err by applying former MCR 2.403(O) to grant case-evaluation sanctions. In assessing whether a previous version of the court rules should apply to a particular case, Michigan courts have relied on MCR 1.102, which provides:

> These rules take effect on March 1, 1985. They govern all proceedings in actions brought on or after that date, and all further proceedings in actions then pending. A court may permit a pending action to proceed under the former rules if it finds that the application of these rules to that action would not be feasible or *would work injustice*. [Emphasis added.]

Although the rule explicitly addresses the initial adoption of the modern court rules in 1985, "[t]hose principles [from MCR 1.102] have been applied not only to the initial adoption of the rules, but also to later adopted or amended rules." *People v Jackson*, 465 Mich 390, 396; 633 NW2d 825 (2001), citing *Reitmeyer*, 237 Mich App at 337. That is, "[a] newly adopted court rule will not be applied to pending actions if a 'party acts, or fails to act, in

6

reliance on the prior rules and the party's action or inaction has consequences under the new rules.' " *Ligons v Crittenton Hosp*, 490 Mich 61, 88; 803 NW2d 271 (2011), quoting *Reitmeyer*, 237 Mich App at 337.[5]

The instructive case is *Reitmeyer*, which addressed a similar situation in which sanctions that were previously available under the court rules became unavailable after an amendment became effective mid-litigation. *Reitmeyer*, 237 Mich App at 334. In a breach-of-contract action concerning a truck purchase from the defendant, the plaintiff argued that he was entitled to offer-of-judgment sanctions under a version of MCR 2.405(E) that was effective for most of the proceedings but was eliminated by amendment before the case went to trial. *Id*. at 334-336. The trial court had applied the amended version of the court rule, which prohibited offer-of-judgment sanctions. *Id*. at 333. The trial court determined "that the amended court rule was to apply in this case [based] on the fact that procedural rules are to operate retrospectively in the absence of a clear contrary intention." *Id*. at 336-337. The Court of Appeals held that MCR 1.102 governed this determination and required application of the amended rule unless doing so would " 'work injustice.' " *Id*. at 336, quoting MCR 1.102.

---

[5] In supplemental briefing and at oral argument, defendants argued that MCR 1.102 "explicitly limits its application to the overhaul and elimination of the former General Court Rules in 1985" and that *Ligons* and *Reitmeyer* were wrongly decided. Defendants' Supplemental Brief on Cross-Appeal (August 16, 2024) at 11. We decline to address these unpreserved arguments that, moreover, run contrary to defendants' position in the lower courts. See, e.g., Defendants' Brief in Response to Plaintiff's Motion for Case Evaluation Sanctions (June 22, 2022) at 4 ("*Reitmeyer* is binding on and provides clear direction to this court for the proper resolution of the instant motion."). See also *Three Lakes Ass'n v Whiting*, 75 Mich App 564, 581; 255 NW2d 686 (1977) (noting that a litigant "may not shift ground on appeal . . . after being unsuccessful on the one presented in the trial court").

The *Reitmeyer* Court first reasoned that the question of whether a newly amended or adopted court rule applies is governed by MCR 1.102 because it "provides its own specific rules for the application of new and amended court rules that should take precedence over the generalized rules of retrospectivity and prospectivity." *Id*. at 337. Further, the Court reasoned that "the norm is to apply the newly adopted court rules to pending actions unless there is reason to continue applying the old rules." *Id*. at 337 (quotation marks and citation omitted). The " 'injustice' exception" to applying the current rule in MCR 1.102 "must be applied narrowly and with restraint, such that the exception does not subsume the rule itself . . . ." *Id*. at 345. "[A]n injustice is not present merely because a different result would be reached under the new rules." *Id*. at 337 (quotation marks and citation omitted). There is no bright-line rule for determining when an amended or previous version of a rule applies; rather, the court "must look more closely to the particular circumstances of the case at issue and at the purpose of the amendment." *Id*. at 342. In sum, the *Reitmeyer* Court held that

> a decision under MCR 1.102 requires an individual determination in this (and in every) case whether such "injustice" would result from the application of the amended version of MCR 2.405(E). This determination should be based on the substance of the rule involved and the timing of plaintiff's actions, plaintiff's obvious gamesmanship or lack thereof, and thus plaintiff's reliance or lack of reliance on the rules as they existed at the time he made the pertinent decisions in this case, and any other pertinent factors in the individual case. We emphasize that while the results may be different between the old and new rule, as may ordinarily be expected, this is not the dispositive factor in the analysis. Rather, we believe that several factors must be considered when determining the "injustice" in a particular case and whether a party "relied" on a court rule to the extent that it would be "unjust" to alter the rule in midstream. [*Id*. at 345.]

8

The Court ultimately remanded the case to the trial court to apply the correct standard—whether applying the amended rule would " 'work injustice.' " *Id*.

Defendants ask us to rely upon *RAD Constr, Inc v Davis*, 347 Mich App 716, 721, 735; 16 NW3d 328 (2023), where the Court of Appeals reversed a trial court's award of case-evaluation sanctions under similar facts. In that case, like here, the amendment eliminating MCR 2.403(O) occurred after the case-evaluation award had been rendered but before the trial was conducted. *Id*. at 734-735. In *RAD Constr*, the plaintiff had brought statutory and common-law conversion claims against the defendants, and the trial court ruled after a bench trial that the plaintiff failed to prove a cause of action. *Id*. at 721. The trial court awarded case-evaluation sanctions to the defendants under former MCR 2.403(O) because the plaintiff had rejected the more favorable case-evaluation award. *Id*. at 734-735. The Court of Appeals reversed and vacated the award of case-evaluation sanctions.[6] It explained:

> MCR 1.102 requires applying the court rules to all pending cases. Amended court rules apply to pending actions unless there is a reason to apply the old rules. See *Reitmeyer*, 237 Mich App at 337. We find no reason to apply the old rule in this case. The provision authorizing case-evaluation sanctions having been eliminated, the trial court had no authority to sanction RAD after January 1, 2022. [*RAD Constr*, 347 Mich App at 735.]

Defendants argue that, under *RAD Constr*, the trial court lacked the authority to award case-evaluation sanctions under former MCR 2.403(O). However, we are not persuaded that the terse analysis of the application of MCR 1.102 in *RAD Constr* overrides the careful consideration given to this issue in *Reitmeyer*. Although *RAD Constr* cited

---

[6] The Court of Appeals also affirmed the trial court's order dismissing the claims.

9

*Reitmeyer*, it did not elaborate as to why there was "no reason to apply the old rule." *Id*. To the extent that *RAD Constr* suggests that the trial court did not have the authority to apply the former version of the rule, it is overruled.

Instead, we take this opportunity to formally adopt *Reitmeyer*'s analysis to guide the determination of whether to apply a current or former court rule for the reasons stated in that opinion. We agree that MCR 1.102 provides the pertinent analysis because it specifically permits trial courts to apply former court rules if doing so would prevent injustice. We also agree that an individualized determination guided by the nonexhaustive factors from *Reitmeyer*—including timing, purpose of the newly adopted rule, possible gamesmanship, and reliance—is appropriate given that these factors bear on whether injustice would occur. Therefore, trial courts should look to *Reitmeyer* as the guidepost for determining whether to apply a newly amended rule to a pending case.

### III. APPLICABLE STANDARD OF REVIEW

We next consider the appropriate standard of review to employ when reviewing a trial court's decision under the *Reitmeyer* framework. When MCR 2.403(O) was in effect, a trial court's decision whether to grant case-evaluation sanctions under that subrule presented a question of law, which this Court reviews de novo. See *Smith v Khouri*, 481 Mich 519, 526; 751 NW2d 472 (2008) (opinion by TAYLOR, C.J.). That is, whether one party has rejected a case-evaluation award and whether the verdict is less favorable to the rejecting party than the case-evaluation award such that sanctions are warranted is reviewed de novo. *Id*.; former MCR 2.403(O).

10

In *Reitmeyer*, the Court of Appeals explained that "a trial court's decision whether application of new court rules would 'work injustice' under MCR 1.102 entails an exercise of discretion." *Reitmeyer*, 237 Mich App at 336. But in *RAD Constr*, the Court of Appeals recited the standard of review as follows:

> This Court reviews a trial court's decision to award case-evaluation sanctions de novo. See *Peterson v Fertel*, 283 Mich App 232, 239; 770 NW2d 47 (2009). However, the amount of an award is reviewed for an abuse of discretion. See *id*. A court abuses its discretion when it selects an outcome falling outside the range of reasonable and principled outcomes. See *Ronnisch Constr Group, Inc v Lofts on the Nine, LLC*, 499 Mich 544, 552; 886 NW2d 113 (2016). This Court reviews the interpretation and application of court rules de novo as a question of law. See *Reitmeyer*[, 237 Mich App at 336]. [*RAD Constr*, 347 Mich App at 734.]

Like in *RAD Constr*, the Court of Appeals in this case applied a de novo standard of review as to the trial court's decision whether to award case-evaluation sanctions and as to whether the trial court properly interpreted and applied a court rule. *Webster*, unpub op at 9. However, neither *RAD Constr* nor the panel in this case clearly stated what standard of review they were applying to the trial court's decision to grant case-evaluation sanctions under MCR 1.102.

To the extent that *RAD Constr* and the Court of Appeals in this case applied a de novo standard of review to a trial court's decision under MCR 1.102, we disagree that de novo review is appropriate. Instead, we adopt the abuse-of-discretion standard from *Reitmeyer* for reviewing a trial court's decision under MCR 1.102. We conclude that this standard is appropriate because the court rule provides discretion to a trial court to apply the former rules "if it finds that the application of these rules to that action would not be feasible or would work injustice." MCR 1.102. Abuse-of-discretion review is generally

11

appropriate when a decision "require[s] familiarity with the facts of the case and experience in maintaining a trial court docket." *People v Scott*, 513 Mich 180, 200-201; 15 NW3d 159 (2024). Relatedly, abuse-of-discretion review is appropriate when a question is not primarily legal but instead "grows out of, and is bounded by, case-specific detailed factual circumstances." *People v Babcock*, 469 Mich 247, 268; 666 NW2d 231 (2003) (quotation marks and citation omitted). This standard is also consistent with how Michigan courts have treated "interest of justice" exceptions in former MCR 2.403 and other court rules. For example, if the party's verdict was entered pursuant to the trial court's grant of summary disposition following case evaluation, the trial court's decision whether to invoke the "interest of justice" exception to deny costs, former MCR 2.403(O)(11), was reviewed for an abuse of discretion. *Sabbagh v Hamilton Psychological Servs, PLC*, 329 Mich App 324, 364; 941 NW2d 685 (2019). See also *Cole v Eckstein*, 202 Mich App 111, 117; 507 NW2d 792 (1993) (holding that a decision whether to award attorney fees "in the interest of justice" under MCR 2.405(D) was reviewed for an abuse of discretion).

"A trial court abuses its discretion when its decision falls outside the range of reasonable and principled outcomes." *Danhoff v Fahim*, 513 Mich 427, 442; 15 NW3d 262 (2024). "A trial court necessarily abuses its discretion when it makes an error of law." *Pirgu v United Servs Auto Ass'n*, 499 Mich 269, 274; 884 NW2d 257 (2016). "Questions of law are reviewed de novo." *Id*.

IV. APPLICATION

Applying the appropriate standard of review here, we hold that the trial court did not abuse its discretion by applying the former version of MCR 2.403 and awarding case-

12

evaluation sanctions. As an initial matter, because defendants rejected the case-evaluation award and the verdict was not more favorable to defendants than the award, plaintiff is entitled to sanctions under the conditions of MCR 2.403(O) as it was applied. The trial court appropriately cited the test from *Reitmeyer*, explaining that because of the court-rule change during the pendency of the case, the current version of the rule "applies unless the result thereunder would work an injustice." In other words, the trial court started its analysis with the presumption that sanctions were not available to plaintiff unless application of that presumption would work an injustice. The trial court concluded that application of the current rule would work an injustice, reasoning:

> As noted in *Reitmeyer*, the mere fact that a different result is obtained from application of the current version of MCR 2.403 does not work an injustice to plaintiff. Significantly, this matter was subject to case evaluation more than one year before MCR 2.403 was amended. The parties subsequently engaged in several settlement conferences and facilitation sessions, and had three trial dates, before MCR 2.403 was amended. Plaintiff's decisions to proceed to trial were made in reliance on MCR 2.403(O) while it was still in effect.

> Accordingly, justice favors application of the per-amendment [sic] version of MCR 2.403 that provides for the awarding of case evaluation sanctions.

*Reitmeyer* instructs that one factor guiding the determination is whether applying the amended rule furthers its purpose given the timing of events in the case. *Reitmeyer*, 237 Mich App at 342. One purpose of eliminating case-evaluation sanctions was to level the playing field, particularly given that the process often benefitted defendants who could absorb costs across multiple cases. MCR 2.403 to MCR 2.405, 508 Mich at clxx (CAVANAGH, J., concurring). Another reason was that stakeholders felt that case evaluation would often force settlements divorced from the merits of the claims. *Id*. But

13

in *Reitmeyer*, the Court of Appeals observed that "all the actions that could affect possible mediation and offer of judgment sanctions had already been taken by the time the amendment went into effect" such that the issues were "effectively disposed of under the prior court rules" (except for the calculation of the sanctions award). *Reitmeyer*, 237 Mich App at 344. See also *Word Network Operating Co, Inc v Ross*, unpublished per curiam opinion of the Court of Appeals, issued March 2, 2023 (Docket No. 360140), pp 10-11 ("All events establishing plaintiff's entitlement to case evaluation sanctions occurred before the effective date of the amended court rule.").

The same is true in this case—all the actions that could affect whether to award case-evaluation sanctions occurred before the amendment became effective. In fact, as the trial court observed, case evaluation occurred more than a year before the rule change. Accordingly, because of the timing of events in the case, the goals of the amendment would not have been furthered.

Relatedly, the trial court should look to the parties' reliance or lack of reliance on the rules that existed when they made pertinent strategic decisions. *Reitmeyer*, 237 Mich App at 345. The trial court in this case found that plaintiff's decisions to proceed to trial were made in reliance on the availability of sanctions under the former rule such that justice favored its application. The court found significant that case evaluation occurred more than a year before the rule change. Also significant was that before the change became effective, the parties attended multiple settlement conferences, participated in a facilitation session, and had three different trial dates. "Thus, one could find that plaintiff had every reason to believe that if the case went to trial, the trial would be over and any sanctions would be awarded under the old court rules." *Id*. at 344. Defendants argue that, because

the trial had not yet occurred by the date the amendment was effective, former MCR 2.403(O) was not applicable. However, as the trial court recognized, the parties prepared for trial numerous times leading up to the rule change.[7]

In this case, the Court of Appeals reasoned that application of the new court rule would not "work an injustice on plaintiff" because the "consequence of going to trial ultimately worked to plaintiff's financial benefit, even when the added expense of going to trial is considered." *Webster*, unpub op at 11. That is because plaintiff's ultimate verdict was almost $200,000 more than the combination of the case-evaluation award and the costs of trial. *Id.* The panel concluded that given plaintiff's triumph, applying the former rule was unnecessary to avoid injustice. *Id.* While this point is well taken, the Court of Appeals appeared to conduct a de novo analysis of whether application of the current rule would work an injustice under MCR 1.102. However, as explained, the appropriate standard for reviewing the trial court's decision is the abuse-of-discretion standard. While the Court of Appeals arguably analyzed "pertinent factors in the individual case," *Reitmeyer*, 237 Mich App at 345, it failed to contend with the articulated reasons for the trial court's decision within the *Reitmeyer* framework. Moreover, the trial court's decision to apply former MCR 2.403(O) was not outside the range of reasonable and principled outcomes considering the specific facts of this case.

---

[7] *Reitmeyer* also directs the trial court to look to the plaintiff's obvious gamesmanship or lack thereof. *Reitmeyer*, 237 Mich App at 345. However, unlike the amendments of MCR 2.405, case-evaluation sanctions were not removed to avoid gamesmanship. Nor is there any argument that the delays in this case were caused by gamesmanship. So, the trial court appropriately did not consider this factor.

15

We cannot say that there was an abuse of discretion when the trial court correctly applied MCR 1.102 and *Reitmeyer*. Merely because a denial of sanctions may have been supportable does not mean that the trial court abused its discretion by allowing sanctions. The trial court did not simply rely on the fact that a different result would be obtained from applying the current rule. *Reitmeyer*, 237 Mich App at 337. Instead, it appropriately considered plaintiff's reliance interests and the timing of the rule change to conclude that application of the former rule would " 'work injustice.' " *Id*. at 345.[8] As we stated in *Babcock*:

> At its core, an abuse of discretion standard acknowledges that there will be circumstances in which there will be no single correct outcome; rather, there will be more than one reasonable and principled outcome. . . . When the trial court selects one of these principled outcomes, the trial court has not abused its discretion and, thus, it is proper for the reviewing court to defer to the trial court's judgment. [*Babcock*, 469 Mich at 269.]

The trial court's decision was clearly within the range of reasonable and principled outcomes, and we decline to disturb it. See *Danhoff*, 513 Mich at 442.

## V. CONCLUSION

We adopt the framework announced in *Reitmeyer* as the appropriate guide for trial courts to follow when determining whether to apply a newly adopted court rule to pending actions. We also hold that a trial court's decision in this realm is reviewed for an abuse of discretion. Applying the considerations from *Reitmeyer*, we hold that the trial court did not abuse its discretion by awarding case-evaluation sanctions to plaintiff under former

---

[8] The factual findings undergirding these factors are reviewed for clear error. *Beason v Beason*, 435 Mich 791, 803; 460 NW2d 207 (1990); MCR 2.613(C). We find no clear error in the trial court's findings of fact.

16

MCR 2.403(O). We therefore reverse the Court of Appeals' judgment in part and reinstate the trial court's award of case-evaluation sanctions.[9]

                                                    Megan K. Cavanagh
                                                    Brian K. Zahra
                                                    Richard H. Bernstein
                                                    Elizabeth M. Welch
                                                    Kyra H. Bolden
                                                    Kimberly A. Thomas


HOOD, J., did not participate because the Court considered this case before he assumed office.

---

[9] We also deny defendants' application for leave to appeal because we are not persuaded that the questions presented should be reviewed by this Court.